PAPPAS *v.* HARRAH.

1. VENDOR AND PURCHASER—SUMMARY PROCEEDINGS—RESTITUTION —EXTENSION OF REDEMPTION PERIOD.

In a suit by the vendees for the reinstatement and specific enforcement of land contracts after the period of redemption had expired in judgment of restitution in summary proceedings, on vendees' default, evidence *held*, insufficient to establish an agreement by the vendors to extend the period of redemption beyond the statutory 30 days.

2. SAME—TENDER—OFFER TO PAY NOT EQUIVALENT OF TENDER.

An offer on the part of vendees to pay the balance due, with ability to perform, during the redemption period, did not accomplish the purpose of a tender, nor does it constitute ground for equitable relief.

3. SAME—NOTICE OF EXPIRATION OF REDEMPTION PERIOD NOT RE-QUIRED.

Since the vendors were under no obligation to notify the vendees of the expiration of the redemption period, they may not complain that a notice given them on the last day was after banking hours.

4. SAME—THAT VENDOR DID NOT HAVE TITLE IN FEE NOT GROUND FOR EQUITABLE RELIEF FROM FORFEITURE.

　　The fact that the vendor was purchasing the lots on contract and did not have title thereto in fee, was no ground for a rehearing nor a reason justifying a supplemental bill, and was somewhat inconsistent with the specific performance asked for, and in any event constituted no equitable ground for relief from the forfeiture.

　　Appeal from Wayne; Perkins (Willis B.), J., presiding.　　Submitted October 24, 1922.　　(Docket No. 25.)　　Decided December 29, 1922.

　　Bill by James Pappas and another against Charles W. Harrah for reinstatement of certain land contracts and for specific performance thereof. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

　　*Thomas W. Thompson* and *Thomas J. Mahon,* for plaintiffs.

　　*Welsh, Bebout & Kahn,* for defendant.

　　WIEST, J. Plaintiffs entered into contracts with defendant for the purchase of several lots, made substantial payments and then were in default. Defendant commenced summary proceedings to obtain restitution of the premises. Judgments were rendered in the suits and under the statute plaintiffs had 30 days in which to redeem. During the period of redemption plaintiffs arranged with William B. Thompson to advance the money to pay the amounts due on the contracts and take deeds to his daughters. It is claimed defendant's agents were notified of the fact that the money was available as soon as abstracts could be furnished, and they led plaintiffs' negotiator to believe this was satisfactory and an adjustment would be perfected and deeds prepared regardless of the period for redemption. In the bill plaintiffs seek to reinstate two land contracts, to set aside two writs

of restitution, and have a decree for specific perform-
ance of such contracts.  The circuit judge dismissed
the bill, denied a petition for a rehearing and refused
leave to file a supplemental bill.  Plaintiffs are here
by appeal.

Three suits were commenced before the circuit
court commissioner.  In two of the suits judgments
were rendered on June 15, 1921, and in the other on
June 22, 1921.  Plaintiffs had 30 days after judgment
in each case to make payment and save their contract
rights.  They paid no money to the commissioner un-
til July 22, 1921.  This payment was too late to save
the contracts involved in the judgments rendered June
15th, but in time to save all rights under the judgment
of June 22d.  Defendant accepted the payment upon
the last judgment and performed that contract, but
refused redemption as to the others.

The record presents a question of fact.  If plaintiffs
have not established the claimed agreement for an
extension by defendant of the time for redemption
then this suit must fail.  The claimed agreement
rests upon the testimony of Mr. Ireland, as negotiator
for plaintiffs.

Mr. Ireland testified:

"Yes, I had contracts in my possession.  When I
left your office I went over there, had the contracts
and showed them, laid them on the desk, also laid this
letter from Mr. Thompson, stating to Mr. Harrah that
the money was there.  Now, I says to this man (in-
dicating Mr. Chapman)—we had been down different
times in the place—we are going to pay the money
right over there and you dismiss the cases down at the
Circuit Court Commissioner May's.  And then the
lady spoke up and she says, 'Now, you will have to
take these contracts, Mr. Ireland, to the Pappas Bros.
and have them sign over.'  I did, and she said, 'How
do you want these deeds?'  And I said, 'Eight, for
eight separate lots.'  Then, she said, 'You will have
to have eight separate slips,' she wrote out the eight
separate slips and I took them with the contracts over

to the Pappas and they signed them and I brought them back to their office, Harrah's office, and laid them down and Miss Deans and this lady (indicating Miss Voorhies) said, 'How soon do you want these?' I said, 'Just as soon as you can.' She said, 'We will get these out to six lots by the first of the month, but the other two lots, the man is dead, Baker, and it will take a little longer,' and I said, 'That is all right, that will do.' "

The record falls short of establishing any agreement or assurance justifying plaintiffs in paying no further attention to the period of redemption. With the suits determined against them and the right of redemption about to expire, the plaintiffs should have tendered the amounts due on the contracts. The failure to make such tender is not excused by the assumption that defendant would not insist on his strict rights. We would import into the law an unsafe and litigious element if we should hold an offer to perform, with ability to do so, accomplishes the purpose of a tender, or constitutes ground for equitable relief. Defendant stood ready to take the money on July 13, 1921, when Mr. Ireland was in his office, but the money was not paid, and on July 14th he notified the attorney for plaintiffs that it was the last day in which to make payment.

Counsel for plaintiffs complain because this notification came after banking hours; overlooking the fact that defendant was under no obligation to give notice at all. Plaintiffs knew of the period given them in which to redeem, they had the money available, made no tender of the amounts due under the contracts involved in this suit, and let the time for redemption expire. We find no fraud committed by defendant and no showing justifying us in holding there was an extension of the time within which to redeem.

The petition for a rehearing presented no good reason for granting the same. The fact that defend-

ant was purchasing the lots on contract, and did not have title thereto in fee, was no ground for a rehearing nor a reason justifying a supplemental bill, and was somewhat inconsistent with the specific performance asked for, and in any event constituted no equitable ground for relief from the forfeiture.

No appeal having been taken from the findings of the commissioner of the amounts due on the contracts such matter cannot be retried in this suit.

The decree is affirmed, with costs to defendant.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.