BOCINSKI v. KRZEMINSKI.

1. Judgment—Res Adjudicata—Motion to Dismiss.
    *Res adjudicata* may not be raised by motion to dismiss, because motion is heard upon allegations in bill, but where bill by reference incorporates former adjudications, then *res adjudicata* based thereon may be urged by motion to dismiss.

2. Same.
    Unappealed judgment of restitution in summary proceeding to recover possession under forfeiture of land contract is *res adjudicata* in suit to have deed and contract back decreed to constitute mortgage.

3. Vendor and Purchaser—Redemption—Judgment.
    Bill to redeem from forfeiture of land contract may not be withheld until all methods of attack are litigated and adjudged futile.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 8, 1930. (Docket No. 35, Calendar No. 35,175.) Decided January 7, 1931.

Bill by George Bocinski and another against Ignacy Krzeminski and others to declare a deed and land contract a mortgage and to set aside a judgment of restitution. Decree for defendants. Plaintiffs appeal. Affirmed.

*Harry J. Lippman,* for plaintiffs.

*Murrl E. Dikeman,* for defendants.

Wiest, J. This is a bill to have a warranty deed, given to a contractor, under a contract to erect a

building upon the lot deeded, and a land contract given by the grantee to the grantors, decreed to constitute a mortgage, and to set aside a judgment of restitution under the land contract, and, if such cannot be done, then to grant plaintiffs the right to redeem from forfeiture of the land contract. If the deed and land contract cannot be decreed to constitute a mortgage, then there can be no right to redeem from the forfeiture of the land contract because of former adjudications between these same parties. In the circuit the bill was dismissed upon motion.

It was held in *Vyse* v. *Richards,* 208 Mich. 383, and *Red Star Motor Drivers' Ass'n* v. *City of Detroit,* 244 Mich. 480, that *res adjudicata* may not be raised by motion to dismiss. The reason for this is that a motion to dismiss is heard upon the allegations in the bill. If the bill, by reference, incorporates former adjudications then the reason for the rule is absent, and the adjudications, identified by the bill, are before the court, and *res adjudicata* based thereon may be urged by motion to dismiss. The bill in the instant case, by apt reference thereto and for the purpose of collateral attack thereon, brought to the record former judicial proceedings between the parties and adjudications therein. Among such we mention the following: A summary proceeding by defendants Pluta to recover possession, under forfeiture by plaintiffs of the very land contract plaintiffs now want declared to be in the nature of a mortgage; judgment of restitution and no appeal taken. Later plaintiffs herein, by bill in equity; attacked the summary proceeding judgment, but made no claim that the land contract was in the nature of a mortgage. The bill was dismissed under a holding that plaintiffs' remedy was by appeal.

Then an application was made by plaintiffs herein for a belated appeal. This was denied. An application was then made to this court for a writ of mandamus directing the circuit court to allow a belated appeal. The writ was denied and reasons stated. *Bocinski* v. *Wayne Circuit Judge,* 250 Mich. 286.

Plaintiffs are assignees of the vendees' interest under a land contract given by defendants Krzeminski to Walter and Rose Hojnacki, who had conveyed to the Krzeminskis by warranty deed. The building contract providing for such deed and land contract, and the deed and land contract, in pursuance thereof, as set out in the bill, preclude a holding that the deed and land contract constitute a mortgage. Besides, the judgment in the summary proceeding, based on the land contract, is, by reason of no appeal, *res adjudicata.*

The dismissed bill sought no relief by way of redemption, and the instant bill is not upon newly-discovered matter but a mere prolongation of litigation between these parties. A bill to redeem cannot be withheld until all methods of attack are litigated and adjudged futile. Plaintiffs have had their day in court.

The decree in the circuit court is affirmed, with costs to defendants.

CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with WIEST, J.

BUTZEL, C. J. (*concurring*). At times this court has permitted redemption from a harsh foreclosure where the equities appealed to the conscience of the court and where parties acted promptly and made a tender or its equivalent in recognition of the rights of others as judicially determined. Such is not the present case. I, therefore, concur in the result.