DETROIT TRUST CO. *v.* GEORGE.

1. MORTGAGES—FORECLOSURE—REDEMPTION—GENERAL RULE—EXCEPTIONS.

General rule that right to redeem from foreclosure at law is legal right created by statute, and may neither be enlarged nor abridged by courts, is subject to exception that equity may relieve in cases of fraud, accident, or mistake.

2. SAME—EXTENSION OF REDEMPTION PERIOD—EQUITY.

   That condemnation proceedings are pending, in which large part
      of mortgaged property will be taken and consequent award of
      compensation made, *held*, insufficient to warrant equity court
      in granting extension of redemption period, in absence of
      fraud, accident, or mistake.

Appeal from Wayne; Jayne (Ira W.), J. Submitted December 16, 1932. (Docket No. 227, Calendar No. 36,322.) Decided April 4, 1933.

Bill by Detroit Trust Company, a Michigan corporation, trustee, against Edwin S. George and others to foreclose a trust mortgage. Motion of defendants Levey to extend period of redemption denied. Defendants Levey appeal. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*McLeod, Fixel, Abbott & Fixel,* for defendants Levey.

CLARK, J. Plaintiff, trustee in a mortgage securing an issue of bonds in the sum of $250,000, filed bill of foreclosure and had decree on January 6, 1931. At the sale the property was bid in by the trustee. The sale was confirmed. The date of expiration of the period for redemption was October 10, 1931.

For nearly four years there had been pending a proceeding in condemnation, involving this and many other parcels of land, by the city of Detroit, for the widening of Woodward avenue. Just before the expiring of the period of redemption, defendants filed motion to modify the decree by extending the period of redemption. The ground of the motion is an alleged prospect of completing the condemnation proceeding, in which a large part of the mortgaged

premises will be taken and a consequent award of compensation made. Defendants propose to use the amount of the award in reduction of the mortgage debt, and although there will be corresponding reduction in mortgage security, they express, without convincing particulars, hope, or perhaps belief, that they may raise sufficient funds to pay remainder of the mortgage debt. The time of such extension was not and could not be stated certainly. When the motion was made, it was not known when, if ever, funds would be available from the proceeding on condemnation. It is said in a brief that judgment in condemnation was entered on July 21, 1932, and awards may be paid on or before July 21, 1933.

The motion was denied. Defendants have appealed.

A general rule is stated in *Wood* v. *Button,* 205 Mich. 692, quoting syllabus:

"The right to redeem from a foreclosure at law is a legal right created by the statute, and can neither be enlarged nor abridged by the courts."

And see 42 C. J. p. 355.

This general rule is subject to exception. Equity may relieve in cases of fraud, accident, or mistake. *Palmer* v. *Palmer,* 194 Mich. 79; 42 C. J. p. 393, and cases cited. Here there was no fraud, no conduct on the part of the mortgagee to induce or persuade the owners not to redeem in time, and there was no accident, no mistake. Defendants merely try to keep open for a long and indefinite period the right to redeem and until the litigated matter, the condemnation proceeding, shall have been determined and on the outcome of such litigation the doubtful advantage of redeeming depends. The condemnation may produce some money, but it works a cor-

responding reduction in security. The circumstances give no ground in equity for enlarging the right to redeem.

In this view we need not discuss the contention that defendants with their petition seeking equitable relief make no proper offer or showing of willingness to do equity within *Tuller* v. *Detroit Trust Co.*, 259 Mich. 670.

Affirmed, with costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.