KAISER *v.* WEBER.

1. VENDOR AND PURCHASER—REFUSAL TO ACCEPT TENDER DURING REDEMPTION PERIOD—EVIDENCE.

In suit by assignee of purchasers under land contract for an equitable accounting thereunder by the vendors who had obtained possession from plaintiff under proceedings for restitution about five years previously, an express refusal by defendants or their attorney to accept a proper legal tender of amount necessary to redeem will not be inferred from statement by defendant's attorney that he believed the statute extending period of redemption from 30 days to 90 days, within which latter period plaintiff claimed to have made a tender, was unconstitutional (3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933).

2. SAME—TENDER—EVIDENCE.

Statement by attorney for plaintiff, assignee of purchasers under a land contract, that arrangements had been completed to raise money necessary to redeem property after forfeiture by vendors and that plaintiff was willing to do so upon delivery of deed to property, made to defendant vendors' attorney, *held*, not a proper legal tender of amount necessary to redeem.

3. TENDER—CONDITIONS.

A tender to be effective must be without qualification or condition.

4. VENDOR AND PURCHASER—OFFER TO REDEEM—TENDER.

An offer to redeem from forfeiture of a land contract, without proper tender of the amount due during period of redemption, does not accomplish the purpose of a tender nor entitle plaintiff, assignee of land contract purchasers, to relief by way of equitable accounting in suit brought about five years after defendant vendors had obtained possession through proceedings for restitution (3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933).

5. SAME—TENDER—WAIVER—ESTOPPEL.

Statement by attorney for defendant land-contract vendors to attorney for plaintiff, assignee of purchasers, that defendant's attorney believed the statute extending period within which redemption from forfeiture of a land contract might be effected was unconstitutional was not a waiver by defendants of proper legal tender or an estoppel against raising objection to the legality of ·alleged tender by plaintiff's attorney, who had stated arrangements had been completed to raise enough money by mortgage to redeem but did not actually tender any money (3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933).

Appeal from Saginaw; Martin (William H.), J. Submitted April 7, 1942. (Docket No. 10, Calendar No. 41,492.) Decided May 18, 1942.

Bill by Gertrude F. Kaiser against Walter H. Weber and wife for an accounting of amounts due on land contract and to require execution of deed. Bill dismissed. Plaintiff appeals. Affirmed.

*John T. Spence*, for plaintiff.

*Alfred F. Myer* and *Frank A. Rockwith*, for defendants.

STARR, J. On December 28, 1922, defendants sold certain real estate in Maple Grove township, Saginaw county, on land contract to August Sutter and Anna K. Sutter, husband and wife, at a price of $4,000, payable $300 down and the balance in monthly instalments of $25 plus interest. On January 29, 1926, Anna K. Sutter, survivor of herself and her husband, August Sutter, assigned such land contract to Fred W. Kaiser and his wife, plaintiff Gertrude F. Kaiser, as tenants by the entirety.

In 1931 plaintiff and her husband defaulted in the payments under such contract and also defaulted in the payment of taxes. On October 29, 1931, Fred W. Kaiser assigned his interest in the land contract to his wife, plaintiff Gertrude F. Kaiser. In March, 1933, defendants began proceedings before a circuit court commissioner to recover possession of the real estate described in the land contract. Plaintiff appeared by attorney, and such proceedings were adjourned from time to time until July 27, 1933, when the commissioner entered judgment of restitution. The commissioner determined that plaintiff and her husband were in default in payments on the contract in the amount of $1,150. No appeal was taken from such judgment.

After the judgment of restitution was entered, defendants took and thereafter retained possession of the property and have collected the rents, paid the taxes, and made certain repairs and improvements.

On September 8, 1938, about five years after the judgment of restitution was entered, plaintiff began

the present chancery action against defendants for an equitable accounting and determination of the amount due on such land contract. In her bill of complaint plaintiff offers to pay defendants whatever amount may be determined to be due on such contract and asks for decree requiring defendants, upon payment of the amount determined to be due, to execute and deliver deed of the property to plaintiff.

Plaintiff bases her suit upon the claim that, within 90 days after such judgment of restitution was entered, she, through her attorney, tendered defendants the amount necessary to redeem and demanded a deed of the property; and that defendants' attorney refused her tender of payment, giving as his reason for refusal that the 30-day period for redemption had expired and that 3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 14988, Stat. Ann. § 27.1999) (immediately effective June 13, 1933), *providing for a 90-day period of redemption, was unconstitutional.* Defendants' answer denied plaintiff's allegations and her right to the relief sought and alleged "there was no legal tender whatsoever made to these defendants or any agent or attorney representing them."

At the conclusion of the trial the circuit judge entered decree dismissing plaintiff's bill of complaint. The decree, from which plaintiff appeals, provided, in part:

"The court further determines and finds as a matter of law and fact that after this judgment (of restitution) was taken as aforesaid before the said circuit court commissioner no proper tender was made to the defendants nor to their attorneys in this action, and that there were no competent proofs that the defendants herein or their agents or at-

torneys interfered with or prevented plaintiff or anyone in her behalf from securing a loan with which to pay the moneys due under the contract and so found in the judgment of the circuit court commissioner to be due, and that there was no legal tender whatsoever made by the plaintiff herein or anyone on her behalf at any time to the defendants herein or to anyone on their behalf."

On appeal plaintiff contends that defendants' refusal of her offer to redeem the property, on the ground that the statute providing for a 90-day period of redemption was unconstitutional, estops them from questioning the legality of the tender and constituted a waiver of legal tender.

In her reply brief plaintiff admits that she did not make a formal tender of money to defendants or their attorney. However, she claims that "she was ready and willing to pay the money to defendants."

Attorney Dwan, representing plaintiff, and Attorney Myer, representing defendants, conducted the negotiations and dealings in connection with the alleged tender. Both attorneys were present at the trial. Mr. Dwan testified as a witness for plaintiff. Mr. Myer was not called as a witness by defendants and, therefore, Dwan's testimony as to his conversations with Mr. Myer stands uncontradicted. Mr. Dwan testified, in part, as follows:

"I was acting as Mrs. Kaiser's attorney. I made an offer on her behalf to redeem this property. I called on Mr. Myer, who represented Mr. Weber, and informed him that arrangements had been completed to raise the money necessary to redeem the property after forfeiture and within the 90-day period and asked for the deed. The date of this call was approximately the 10th or 11th of October of 1933. I called on Mr. Myer at his office in the Bearinger building.

"*The Court:* You asked for the deed, did you Mr. Dwan?

"*A.* Yes, your honor.

"*The Court:* Did you make any tender of any kind?

"*A.* No, we had no—the arrangement did not permit of cash until we were in a position to deliver a deed.

"*The Court:* Just what did you tell Mr. Myer on that occasion?

"*A.* To the best of my recollection—this happened several years ago and my language may not be accurate—to the best of my recollection, I informed him we had made arrangements to borrow enough money on a mortgage with the Saginaw Citizens Loan & Investment Company to pay up the balance due on the land contract, and that we asked for a deed at which time we would deliver the money.

"*Q.* And what did Mr. Myer say in reply?

"*A.* Mr. Myer told me that the month, 30 days after the date of the judgment of forfeiture, had passed, and *that as far as he was concerned he believed the period of redemption had expired* and that while the new statutes, which were then new, extending the period of redemption under land contract to 90 days was in effect, *he still didn't believe* it was constitutional and he considered that the period of 30 days had passed.

"*Q.* Do you recall how much you offered Mr. Myer?

"*A.* The full amount of the balance due on the contract, plus the interest and the cost. I have forgotten the exact amount. It was somewhere in the neighborhood of $1,400 or $1,500.

"*Q.* Did Mr. Myer say that this amount was enough?

"*A.* No, there was no disagreement as to the amount."

On cross-examination by Mr. Myer, Attorney Dwan testified:

"I do not recall whether I told Mr. Myer that I could raise a specific amount of money. My recollection is that I told him we were in a position to raise the full amount necessary to pay up the balance of the judgment. I told him we were ready to pay up the amount found due together with interest and costs, and that we wanted the deed. I don't recall whether I said we were in a position to hand you $1,512.85 or whether I said the full amount of your judgment and costs. I don't recall whether the amount of money raised was also to have included my attorney fees. It is probably correct if they testified to that effect.

"*Q.* Now, Mr. Dwan, you didn't tender me any money, you didn't show me any, did you?

"*A.* No. * * *

"My understanding of the conversation with Mr. Myer is that there was no question as to the amount, that the only question was as to the right of the defendant, Mrs. Kaiser, to redeem within the 90-day period or within the 30-day period. * * *

"We were not in a position to tender the cash, as I advised you."

There were no dealings directly between plaintiff and defendants regarding redemption. The matter was handled entirely by the attorneys for the parties and, as stated by plaintiff's counsel in his brief, "the questions involved in this suit hinge entirely upon the testimony of Herbert J. Dwan, attorney for the plaintiff at the time of the tender." The relevant part of the conversation between the attorneys is above quoted. Such conversation may be fairly summarized as follows: That plaintiff's attorney stated that arrangements had been made to obtain the money to redeem and that payment would be made upon defendants' delivering a deed of the property; that defendants' attorney stated that "as far as he was concerned he believed the period of

redemption had expired," and that he "didn't believe" the statute (3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933 [effective June 13, 1933]), providing for a 90-day period of redemption, was constitutional.

We do not find in the record an express refusal by defendants or by their attorney to accept a proper legal tender of the amount necessary to redeem. We can hardly infer such refusal from the statement by defendants' attorney that he believed the statute providing for a 90-day period of redemption was unconstitutional.

The circuit judge was correct in his conclusion that plaintiff made no proper legal tender. *Leonard v. Woodruff*, 259 Mich. 434; *Niederhauser v. Detroit Citizens Street Railway Co.*, 131 Mich. 550. In the *Leonard Case* we said (p. 438): "A tender to be effective must be without qualification or condition."

Plaintiff's offer to redeem, without proper tender of the amount due, did not accomplish the purpose of a tender or entitle plaintiff to the relief sought. In *Pappas v. Harrah*, 221 Mich. 460, involving the question of tender for the redemption of a land contract, Mr. Justice Wiest said:

"With the suits determined against them and the right of redemption about to expire, the plaintiffs should have tendered the amount due on the contracts. *The failure to make such tender is not excused by the assumption that defendant would not insist on his strict rights.* We would import into the law an unsafe and litigious element if we should hold an offer to perform, with ability to do so, accomplishes the purpose of a tender, or constitutes ground for equitable relief."

The statements made by defendants' attorney during his interview with plaintiff's attorney cannot

be construed as a waiver by defendants of proper legal tender or as an estoppel against their raising objection to the legality of the tender. 26 R. C. L. p. 625; 62 C. J. p. 662.

In view of our conclusions it is unnecessary to discuss the question of laches raised by defendants. The decree is affirmed, with costs to defendants.

CHANDLER, C. J., and BOYLES, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.