## HANESWORTH *v.* HENDRICKSON.

1. SPECIFIC PERFORMANCE—LAND CONTRACT—SURRENDER OF POSSESSION—TENDER.

> Where it appears in purchasers' suit for specific performance of agreement to sell real estate that within the time provided for performance and before plaintiffs demanded performance, that plaintiffs were definitely informed by one of defendants that latter would not surrender possession of the property, tender of the purchase price would have been an idle ceremony, hence failure to make a tender under such circumstances was no defense.

2. VENDOR AND PURCHASER—REFUSAL OF PERFORMANCE—TENDER.

> A vendor's refusal to perform agreement to sell land before time stipulated for purchaser's performance excuses tender of performance by purchaser as the law does not require a useless formality.

3. SAME—ABILITY OF PLAINTIFF TO PERFORM—EVIDENCE.

> In purchasers' suit for specific performance of agreement to sell land, evidence *held*, to establish plaintiffs' ability to perform within the terms of the sales agreement.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 8, 1948. (Docket No. 32, Calendar No. 43,790.) Decided April 5, 1948.

Bill by Howard J. Hanesworth and wife against Ben Hendrickson and wife for specific performance of a contract to sell real estate. Decree for plaintiffs. Defendants appeal. Affirmed.

*Edward C. Moran (Frederic T. Harward,* of counsel), for plaintiff.

*Hugh Kenneth Davidson,* for defendants.

North, J.   In this suit for specific performance of an agreement to sell real estate plaintiffs as purchasers had decree, and defendants have appealed.

As of October 1, 1945, defendants in writing accepted plaintiffs' written offer to purchase the property in suit for $10,700.   The written offer to purchase provided:   "Time is the essence of this agreement."   It also provided for "possession on or before 60 days after date of closing," which was to be "within 20 days after delivery of the abstract or policy of title insurance."   No question is raised as to the sufficiency of the written agreement or as to the regularity of its execution by the respective parties.   Simultaneously with signing their offer to purchase plaintiffs paid to defendants' agent $500 to apply on the purchase price.   The defenses urged are:   (1) That plaintiffs incident to their demand for performance of the agreement by defendants did not tender payment of the balance of the purchase price, nor was tender made when suit was brought; and (2) plaintiffs failed to show by competent testimony that within the period for closing the transaction they were ready and able to perform by paying the purchase price.

The record convincingly discloses that within the time provided for performance and before plaintiffs demanded performance, Mr. Hendrickson definitely informed plaintiffs that defendants would not surrender possession of the property.   Under such circumstances a tender of the purchase price by plaintiffs would have been an idle ceremony and the fact that plaintiffs did not make such tender cannot be

asserted as a defense. Upon filing their bill of complaint plaintiffs therein made tender of performance in these words: "Plaintiffs    *    *    *    have been and are now ready and willing to complete the transaction and carry out on their part of the terms of said agreement." Further, Mr. Hendrickson when testifying for defendants said: "I am not willing to now (to give possession to plaintiffs) because I haven't any other place to go.    *    *    *    I did not refuse to deliver possession of the home (which is clearly contrary to the record). I do now." Obviously if tender had been made it would not have been accepted, and as the trial court found: "That refusal (by defendants) to perform excused performance by the plaintiffs and excused tender of performance by the plaintiffs."

"The trial court found that tender, if made, would have been refused, and there is ample evidence to support this finding.    *    *    *

"'The law does not require a useless formality. A formal tender is not necessary where a party has shown by act or word that it would not be accepted, if made.' *Mahnk* v. *Blanchard,* 233 App. Div. 555 (253 N. Y. Supp. 307)." *Weinburgh* v. *Saier,* 303 Mich. 640, 645.

As to plaintiffs' ability to perform, *i. e.,* to pay the purchase price of $10,700, the record discloses the following. As above noted, at the time plaintiffs signed their offer to purchase they deposited with defendants' agent, who negotiated the sale, $500 to be applied on the purchase price; and before plaintiffs demanded performance they had definitely arranged for a mortgage loan of $6,300, and before Mr. Hendrickson informed Mr. Hanesworth that defendants would not perform the contract, plaintiffs had consummated a sale of the property in

which they were living. While the record does not disclose how much ready cash or other available means the Hanesworths received incident to the sale of their property, Mr. Hanesworth testified that within the time for performace he was ready, willing and able "to go through with your (his) part of the deal." The record in the above respects stands uncontradicted. The trial court found that plaintiff established "their ability to perform." There is no merit to the asserted defense that plaintiffs did not show by competent testimony their ability to perform within the terms of the sales agreement.

The decree entered in the circuit court is affirmed, with costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.