RANCK v. SPRINGER.

1. CONTRACTS—LAND CONTRACTS—PERFORMANCE—TIME—WAIVER.
   The time of performance of a land contract can be waived by the parties and such waiver can be shown by their acts.

2. VENDOR AND PURCHASER—TENDER—SUSPENSION OF INTEREST.
   A tender of payment under a land contract is excused and interest on sum payable suspended, where circumstances were such that had the tender been made it would have been refused, as the law does not require a useless formality.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUMMARY PROCEEDINGS—JURISDICTION—SPECIFIC PERFORMANCE.
   Whether or not summary proceedings in municipal court to recover possession of premises which are the subject matter of instant suit for specific performance of oral contract of purchase were with jurisdiction or not is not determined, where plaintiff is found to be entitled to specific performance of such contract and a deed on condition he pay balance due with 5% interest from date of demand for payment.

4. SPECIFIC PERFORMANCE—POSSESSION—DEMAND—INTEREST.
   Defendant vendor is not entitled to recover possession of premises, where plaintiff purchaser, defendant's uncle, made a substantial down payment, balance was not demanded for over 16 years and was entitled to specific performance of oral contract upon payment of balance with interest from time of demand.

5. SAME—COSTS—INTEREST.
   No costs are allowed either party in suit for specific performance, where decree granting it is affirmed but under circumstances whereby defendant vendor lost interest on balance due for upwards of 16 years.

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 4] 55 Am Jur, Vendor and Purchaser §§ 118, 344, 347.
[2, 4] Rights as between vendor and vendee under land contract in respect of interest. 75 ALR 316.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted April 11, 1952. (Docket No. 62, Calendar No. 45,432.) Decided June 2, 1952.

Bill by Calvin Ranck against Lulu Springer for specific performance of an oral contract to sell real estate. Decree for plaintiff. Defendant appeals. Affirmed.

*Wade & Wade*, for plaintiff.

*Roy H. Hagerman*, for defendant.

Boyles, J. Plaintiff filed this bill for specific performance of an oral agreement by the defendant to sell him certain property in Lockport township, St. Joseph county, and also sought a temporary injunction restraining the defendant and a certain deputy sheriff from attempting to enforce a writ of restitution to remove the plaintiff from the premises. From a decree for the plaintiff, the defendant appeals.

To support his claim, the plaintiff offered in evidence a written receipt signed by the defendant, as follows:

"March 4, 1931.

"Received of J. C. Ranck $450 on house and lot. Balance due $250.

(Signed)   "Lulu Springer."

At the time of trial plaintiff was past 86 years of age, the uncle of the defendant who was 74. The property in question was in a dilapidated condition and consisted of an old house, a garage, a little oil house, and a chicken house, all assessed for $300. Plaintiff, about the time he bought the place, was a farm laborer affectionately known as "Cappie" who later became unable to work. Before he bought the

place it was owned by the defendant. Plaintiff went into possession of the premises with 2 sisters, one of whom was the defendant's mother who lived there with him from that time for about 11 years until she was taken to the Kalamazoo State hospital in 1942. The other sister was still living with the plaintiff at the time of trial. Plaintiff built a hen house, roofed part of the house, and had paid all the taxes on the property since 1931. The defendant herself kept her clothes and other personal belongings there and lived there most of the time. Plaintiff helped to take care of the defendant while she lived there, as she was unemployed and had no visible means of support except from a small insurance policy, most of which she used in purchasing an automobile. Plaintiff, besides improving the property, paid for utilities and fuel. The only modern improvement was electricity. In 1931, at the time of purchase, plaintiff intended to pay the balance of $250 that year, but was unable to do so on account of a bank failure. However, the defendant never asked the plaintiff for the balance of the purchase money nor to vacate the property until after she moved out in 1947. At about that time, together with her son and daughter-in-law, she went to see the plaintiff and they asked him to move out. Whether or not he agreed to do so is in dispute. However, the defendant did start summary proceedings for possession, obtained a judgment and writ of restitution which she turned over to a deputy sheriff for service. At about that time (1947 or 1948) another niece of the plaintiff tried to talk the defendant into allowing plaintiff to remain on the property as long as he lived inasmuch as he had no other place to go, went to see the defendant, offered to pay her the $250, and interest, and took a deed along for the defendant to sign. The defendant, however, refused to receive the payment or sign a deed, claiming she had sold the property and

that she would do nothing until she discussed the matter with her son. There was some testimony that the place at the time of the hearing was worth $1,500. The defendant while she was living in the home at no time before she moved out in 1947 ever demanded or mentioned the payment of the $250, or the interest. She well knew that he lacked the means for paying it and doubtless that was the reason why she never made any request for the balance during the 17 years she lived there. The record plainly establishes that the defendant waived performance of payment of the balance, until she finally made demand in 1948.

"The time of performance of a land contract can be waived by the parties, and such waiver can be shown by their acts." *Sorge* v. *Dickie* (syllabus), 199 Mich 251.

See, also, *Waller* v. *Lieberman,* 214 Mich 428.

The appellant claims that the plaintiff never made a tender of the balance of the purchase price. The record establishes that the defendant was offered payment of the balance, with interest, refused it, and started summary proceedings for possession. It is apparent that a legal tender of the balance of the principal and interest, if made by the plaintiff, would have been refused. A further tender was unnecessary, would have been an idle ceremony and under the circumstances a failure to make a further tender is not a defense. *Weinburgh* v. *Saier,* 303 Mich 640; *Hanesworth* v. *Hendrickson,* 320 Mich 577.

The defendant does not deny that she agreed to sell the property to the plaintiff for $700, and that she received a $450 down payment in 1931. The record establishes that the plaintiff has ever since then been in possession of the property, paid the taxes and made improvements. The trial court held that under the circumstances of the case the parol contract that had been made was enforceable

in equity and decreed accordingly. No question is raised here regarding the statute of frauds, the statute of limitations, or equitable estoppel. We need not discuss whether the proceedings carried on by the defendant in the municipal court in Sturgis in summary proceedings for possession were with jurisdiction, or legally carried on. Obviously, the defendant is not entitled to possession inasmuch as the plaintiff is entitled to specific performance, and a deed of the property. The trial court granted specific performance on condition that the plaintiff pay the defendant the balance of $250, with interest at 5% beginning on the date when the defendant demanded payment. We are in accord with the decree and also the conclusion of the trial court that "this is a family matter," without costs allowed either party. No costs.

Affirmed.

BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred with BOYLES, J.

NORTH, C. J., and DETHMERS, J., concurred in the result.