PARRISH *v.* MICHIGAN PROPERTIES CORPORATION.

1. VENDOR AND PURCHASER—FORFEITURE—WAIVER OF REDEMPTION.
   Defendant corporate purchaser under land contract which had been given notice of forfeiture for default waived its right of redemption when it failed to pay amount due and the amount of costs awarded the party forfeiting the contract within 90-day period of redemption provided by statute (CLS 1961, § 600.5673).

2. SAME—ABANDONMENT OF INTEREST—EXPIRATION OF REDEMPTION.
   The dismissal by the Supreme Court, pursuant to a stipulation, of an appeal from a judgment of restitution in the circuit court is not a determination of the appeal but rather an abandonment of the land contract purchaser's interest in the property permitting redemption period to expire 90 days after entry of the judgment of restitution in the circuit court (CLS 1961, § 600-.5673).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur, Vendor and Purchaser § 461.
[2] 55 Am Jur, Vendor and Purchaser §§ 437, 461, 509.
[3] 55 Am Jur, Vendor and Purchaser §§ 424, 759.
[4] 55 Am Jur, Vendor and Purchaser § 369.
[5] 55 Am Jur, Vendor and Purchaser § 363.

3. SAME—SUBPURCHASERS OF LAND CONTRACT VENDEE.

Purchasers of part of premises which defendant corporation had purchased under a land contract had the right to purchase the entire tract for their own benefit and protection when the defendant's rights in the property were extinguished.

4. SAME—IMPROVEMENTS—RESTITUTION—VALUE.

Improvements which were made on premises sold under land contract inured to the benefit of the vendor upon vendor's securing judgment of restitution, hence, parties who negotiated purchase of premises after such judgment would have to pay for the then value of the premises.

5. SAME—USE OF PREMISES—RENT—BREACH OF CONTRACT.

Plaintiff purchasers under a land contract of a part of the premises which defendant corporation had itself purchased under a land contract from vendor of entire premises, were not required to pay rent for use of premises when they sued defendant corporation for breach of its contract after it had lost its interest in the premises through forfeiture of the contract, since they had not contracted to pay rent but to purchase the premises, a contract which defendant breached by not acquiring title it had contracted to buy, since to award rental would be tantamount to approving defendant's conduct and compensating it for its refusal to honor its contractual obligations.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 October 6, 1965, at Detroit. (Docket No. 650.) Decided December 20, 1965.

Complaint by Allen K. Parrish and Vivian K. Parrish against Michigan Properties Corporation, a Michigan corporation, William W. Schenck, Ben H. Schenck, Jr., and Lila C. Schenck for damages incurred when defendants, plaintiffs' vendors under a land contract, breached a land contract to purchase property from a third party. Plaintiffs' motion for summary judgment granted. Defendant Michigan Properties Corporation appeals. Affirmed.

*Dykema, Wheat, Spencer, Goodnow & Trigg* (*Curtis W. Poole, Jr.,* and *Richard E. Rabbideau,* of counsel), for plaintiffs.

*Piggins, Balmer, Grigsby, Skillman & Erickson*
(*Carroll C. Grigsby,* of counsel), for defendants.

J. H. Gillis, J.   On June 4, 1956, the defendant
Michigan Properties Corporation entered into a land
contract for the purchase of approximately 86 acres
of land from one Dr. Wilson.   On November 2, 1956,
plaintiffs Allen K. Parrish and Vivian K. Parrish
entered into a land contract with the defendant cor-
poration for the purchase of approximately one-half
of the 86-acre tract.

On December 21, 1961, Frances H. Wark, assignee
of the Dr. Wilson contract, served a notice of in-
tention of forfeiture upon the defendant corporation
contending it was in default on its land contract.
The defendant corporation then advised plaintiffs of
its receipt of such notice.   No further payments were
then made or accepted on the plaintiffs' contract with
the defendant.

On October 11, 1962, the Honorable Timothy C.
Quinn, formerly of the Lapeer county circuit court,
entered a judgment of restitution in favor of Mrs.
Wark and against the defendant corporation.   This
judgment was appealed to the Michigan Supreme
Court but dismissed on April 24, 1964, by order of
the Supreme Court pursuant to a stipulation of the
parties thereto.

On June 20, 1964, plaintiffs purchased the entire
86-acre tract from Mrs. Wark including the portion
thereof they had contracted to purchase from the
defendant corporation.

On July 28, 1964, plaintiffs brought the present
action for breach of contract, alleging damages of
$6,182.26 made up of $5,301.01 paid defendant on
their contract and $881.25 for the cost of certain im-
provements they had made on the premises.

Plaintiffs joined William W. Schenck, Ben H.
Schenck, Jr., and Lila C. Schenck, officers of the

defendant corporation, as party defendants. The suit was dismissed as to these individual defendants on February 18, 1965.

On December 18, 1964, the circuit court granted plaintiffs' motion for summary judgment and entered judgment against the defendant corporation for $6,182.26.

The defendant corporation appeals this judgment contending that plaintiffs purchased the tract while their contract with defendant was still in effect and therefore such purchase was, as a matter of law, for the account of defendant.

Defendant relies on CLS 1961, § 600.5673 (Stat Ann 1962 Rev § 27A.5673), to fortify its contention that the contract was still in effect at the time plaintiff made the purchase from Mrs. Wark. This statute states:

"No writ of restitution shall be issued   *   *   * until the expiration of 90 days after the entry of judgment of restitution; and in case of an appeal within that time, no writ of restitution shall issue until such appeal is determined in the circuit court, or if further appeal is taken to the Supreme Court, within 90 days after such appeal is determined in the Supreme Court."

Defendant argues that its appeal was "determined" in the Supreme Court on April 24, 1964, at the time the Supreme Court ordered the appeal dismissed pursuant to the stipulation of the parties. Further, defendant contends that by virtue of the statute, above quoted, it had an equity of redemption until July 23, 1964, and that since the plaintiffs purchased the tract on June 20, 1964, the purchase inures to the benefit of defendant.

The record does not indicate that during this 90-day period the defendant made any tender of the amount found due and owing on its contract to either the plaintiffs or Mrs. Wark.

The statute, above quoted, provides that "no writ of restitution shall issue if the defendant shall * * * within 90 days * * * pay the amount so found due and the amount of costs awarded to the said plaintiff." This the defendant failed to do and thereby waived its right of redemption. See *Kaiser* v. *Weber* (1942), 301 Mich 609.

And it appears that even if the defendant had made a proper tender prior to July 23, 1964, its rights in the tract had already been extinguished. The statute relied upon by defendant provides for a 90-day period within which redemption may be accomplished, beginning from a "determination" of the appeal by the Supreme Court.

An order dismissing the appeal pursuant to a stipulation entered into by the defendant is not a "determination" of the appeal within the meaning of the statute. Rather, it indicates an abandonment of the defendant's interest in the property and its satisfaction with the adjudication of the learned circuit judge. The redemption period herein expired 90 days after the judgment of restitution was entered in the circuit court.

When the defendant's rights in the property were extinguished, plaintiffs had the right to purchase the tract for their own benefit and protection.

Two further issues are presented in this appeal. Defendant contends that if the Court should find that plaintiffs are entitled to a judgment, it should not include the cost of the improvements made by the plaintiff. In this argument the defendant loses sight of the fact that when Mrs. Wark secured the judgment of restitution the improvements inured to her benefit. Plaintiffs in negotiating their purchase from Mrs. Wark had to pay for the then value of the land the same as any arm's length purchaser.

Defendant's final contention is that the plaintiffs, having had use of the land during the time they were

making payments to the defendant on the land contract, should be required to pay a reasonable rent. This argument is untenable. Plaintiffs did not enter into a contract to rent the premises. They contracted to purchase the property and the defendant corporation having breached the contract cannot now complain. To award rental value under these circumstances would be tantamount to approving defendant corporation's conduct and compensating it for its refusal to honor its contractual obligations.

Judgment affirmed. Costs to appellees.

LESINSKI, C. J., and FITZGERALD, J., concurred.