KARAKAS v DOST

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—LE-
    GAL SUFFICIENCY—PLEADING—FACTUAL DEVELOPMENTS—RIGHT
    OF RECOVERY.

    A motion for summary judgment based solely on a plaintiff's
    alleged failure to state a claim upon which relief could be
    granted challenges the legal sufficiency of the plaintiff's claim
    and is to be considered by an examination of the pleadings
    alone; a reviewing court must accept as true all well-pleaded
    facts in plaintiff's complaint and must determine whether these
    claims are so clearly unenforceable as a matter of law that no
    factual development can possibly justify a right to recovery
    (GCR 1963, 117.2[1]).

2. JUDGMENT—WRIT OF RESTITUTION—NONPAYMENT OF MONEY—MA-
    TERIAL BREACH OF CONTRACT—PAYMENT—CURE—STATUTES.

    A writ of restitution shall not issue when a judgment for posses-
    sion is for nonpayment of moneys due under a tenancy or for
    nonpayment of moneys required to be paid under an executory
    contract for the purchase of premises or any other material
    breach of the contract for purchase if, within the time pro-
    vided, the amount as stated in the judgment, together with the
    taxed costs, is paid to the plaintiff and other material breaches
    of the executory contract for purchase are cured (MCLA
    600.5744[6]; MSA 27A.5744[6]).

3. CONTRACTS—LAND CONTRACTS—REDEMPTION—ACTUAL PAYMENT—
    TENDER—REFUSAL OF PAYMENT—CAUSE OF ACTION—SUMMARY
    JUDGMENT.

    The actual transfer of the entire amount of money due, and not
    merely a showing of ability and intent to pay, is generally
    required for a party to comply with redemption statutes, but

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 73 Am Jur 2d, Summary Judgment § 32.
[2] 46 Am Jur 2d, Judgments § 498.
[5] 77 Am Jur 2d, Vendor and Purchaser § 302 et seq.
[6] 47 Am Jur 2d, Judgments § 1080 et seq.
[7] 46 Am Jur 2d, Judgments §§ 395, 404 et seq.

valid tender is unnecessary where the party attempting to redeem is ready, willing and able to tender and the other party, by his acts or words, shows that tender would not be accepted; therefore a complaint seeking to enforce a right of redemption which contains factual allegations that tender of redemption was not made because the defendants prevented it, or indicated they would not accept it, states a cause of action upon which relief can be granted and summary judgment is improper.

4. Judgment—Summary Judgment—Issue of Material Fact—Record—Benefit of Doubt—Deficiency of Claim.

A motion for summary judgment alleging that there is no genuine issue as to any material fact should not be granted unless the record shows that an essential element of proof of the claim or defense cannot be supplied; the court should be liberal in finding that a genuine issue does exist and, giving the benefit of any reasonable doubt to the opposing party, must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

5. Vendor and Purchaser—Tender of Redemption—Proper Parties.

A defendant seeking to exercise a right of redemption may properly choose to make payment to either the plaintiff or to the plaintiff's attorney as the plaintiff's agent or to the court.

6. Judgment—Summary Judgment—Accelerated Judgment—Grounds—Res Judicata.

A claim that a suit is barred under the doctrine of res judicata may be a ground for ordering accelerated judgment but not for ordering summary judgment (GCR 1963, 117.2[1], [3]).

7. Judgment—Res Judicata—Counterclaim—Subsequent Action—Barring Relitigation.

The doctrine of res judicata bars a second suit involving the same cause of action as that raised in the first suit and will bar the relitigation of issues which actually were or might have been presented before the court in the first action; but where a counterclaim is permissive rather than compulsory, and where a defendant does not interpose a counterclaim, although he is entitled to do so, he is not precluded from subsequently maintaining a separate action against a plaintiff on what could have been the counterclaim (DCR 203.2).

Appeal from Tuscola, Norman A. Baguley, J.

Submitted November 4, 1975, at Detroit. (Docket No. 20663.) Decided February 9, 1976. Leave to appeal denied, 396 Mich 868.

Complaint by James J. Karakas and Ruth A. Karakas against Donald D. Dost, Sara J. Dost and Gary J. Crews seeking to enforce a right of redemption under a land contract. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Cubitt & Cubitt* (by *Donald A. Teeple, Jr.),* for plaintiffs.

*W. Wallace Kent, Jr.,* for defendants Donald and Sara Dost.

*Leo E. Maki,* for defendant Gary Crews.

Before: D. E. HOLBROOK, P. J., and J. H. GILLIS and M. J. KELLY, JJ.

J. H. GILLIS, J. This is an appeal from an order granting defendant summary judgment under GCR 1963, 117.2(1) and (3). We reverse.

Plaintiffs, James and Ruth Karakas, on July 5, 1972, borrowed $9,000 from defendants, Donald and Sara Dost. As security for the loan, plaintiffs deeded certain property to the Dosts and received, in exchange, a land contract due on or before six months from July 5, 1972. Because plaintiffs failed to pay the $9,000 on or before the due date, defendants Dost served plaintiffs with notice of forfeiture. Defendants Dost, in the district court for Tuscola County, obtained judgments for possession against James Karakas on March 6, 1973, and against Ruth Karakas on April 17, 1973. Gary Crews, defendant herein, as attorney for the Dosts, signed both the notice of forfeiture and the com-

plaint in the district court action. A writ of restitution was issued, pursuant to MCLA 600.5744; MSA 27A.5744, against James Karakas on July 5, 1973.

Plaintiffs, in their complaint and in affidavits signed by their attorney and their attorney's law partner, allege the following facts:

On July 13, 1973, H. Dale Cubitt, plaintiffs' attorney, called defendant Crews' office and requested that a conveyance be made to plaintiffs and offered to immediately go to Caro to present a check for full payment. He was told that defendant Crews was unavailable and because Crews, alone, had handled the file, no one there could handle the matter. He was further informed that defendant Crews would be notified of his call and advised to return it on Saturday, July 14, 1973. Crews, however, did not call Cubitt on that date.

On Monday, July 16, 1973, Cubitt went to Caro with a check to redeem the property. Crews was not in his office. The women in the office told Cubitt they could not complete the transaction. They called the sheriff's office and various courthouse offices in an unsuccessful attempt to locate Crews. Cubitt then advised Crews' office staff that no writ was to be issued because payment would immediately be made in exchange for a conveyance. Cubitt then searched without success for Crews in the courthouse. In his affidavit, Cubitt claims Crews intentionally made himself unavailable on that date.

E. Duane Cubitt, H. Dale Cubitt's brother and law partner, called Crews on July 17, 1973 to get the exact figures needed to redeem the property and to make arrangements to complete the transaction. Crews, at that time, acknowledged that H. Dale Cubitt had tendered payment on Friday, July

13, 1973, and Monday, July 16, 1973. Crews also told him the Dosts wanted the property instead of the money and, consequently, he was not authorized to accept payment. In addition, Crews stated that payment should have been made to either his clients or the register of deeds. Furthermore, Crews informed E. Duane Cubitt that on that date, July 17, 1973, a writ of restitution had been prepared, issued, and delivered to a process server.

On Thursday, July 19, 1973, H. Dale Cubitt again went to Caro and personally discussed the matter with Crews. Crews told him he had received all of his messages and contacted his clients regarding receiving payment. They told him they wanted the property rather than the money and advised him not to accept payment.

On July 19, 1973, the writ of restitution was served on Ruth Karakas, and the following day plaintiffs commenced this action against defendants in the Tuscola County Circuit Court.

Defendants filed a motion for summary judgment, pursuant to GCR 1963, 117.2(1) and (3), alleging that plaintiffs' complaint failed to state a claim upon which relief can be granted and that there is no genuine issue as to any material fact. The motion was supported by several affidavits stating that payment was never tendered to Crews, the Dosts, or the court. Crews, in his affidavit, stated that on Monday, July 16, 1973, he spent most of the day in the Caro courthouse and H. Dale Cubitt, on that date, never spoke or tendered payment to him.

The trial judge granted defendants' motion for summary judgment under GCR 1963, 117.2(1) and (3) on two grounds. First, finding that no valid tender had been made to either defendants or defendants' attorney, he concluded that plaintiffs

had failed to comply with the statutory requirements for redemption, and, consequently, had lost their right to redeem the property. Second, he determined that plaintiffs' claim that the land contract arrangement, in actuality, constituted an equitable mortgage was barred under the doctrine of res judicata because plaintiffs had neither raised it in the district court summary proceedings nor appealed from the district court judgment.

We will first discuss the trial court's order of summary judgment under GCR 1963, 117.2(1) and (3) on the redemption issue. The standard for review of a GCR 1963, 117.2(1) motion for summary judgment, as set forth in *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 179–180; 230 NW2d 363, 366 (1975), is as follows:

"A motion based solely on subsection 1 challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). [The] job [of] a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint * * * , *Weckler v Berrien County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so 'clearly unenforcible as a matter of law that no factual development can possible [sic] justify a right to recovery'. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972)."

Although the trial judge in the instant case held that plaintiffs had failed to state a cause of action, we disagree. They stated a cause of action if the factual allegations contained in their complaint show that they are entitled to redemption. The statute governing redemption in this situation, MCLA 600.5744(6); MSA 27A.5744(6) reads:

"When the judgment for possession is for nonpayment of money due under a tenancy or for nonpayment of moneys required to be paid under or any other material breach of an executory contract for purchase of the premises, the writ of restitution shall not issue if, within the time provided, the amount as stated in the judgment, together with the taxed costs, is paid to the plaintiff and other material breaches of an executory contract for purchase of the premises are cured."

Although there is presently no case law interpreting the statutory language "is paid", case law interpreting similar statutory language indicates that actual transfer of the entire amount of money due is generally required for compliance with redemption statutes. A mere showing of ability and intent to pay is insufficient. *Pappas v Harrah,* 221 Mich 460; 191 NW 221 (1922), *Detroit Trust Co v George,* 262 Mich 362; 247 NW 697 (1933), *Kaiser v Weber,* 301 Mich 609; 4 NW2d 29 (1942), *Gordon Grossman Building Co v Elliott,* 382 Mich 596; 171 NW2d 441 (1969). Thus, plaintiffs, in the case at bar, failed to "pay" defendants in accordance with the statute. Nevertheless, case law involving other situations requiring tender of payment holds that valid tender is unnecessary where plaintiff is ready, willing and able to tender, but defendant, by his acts or words, shows that tender would not be accepted. *Hanesworth v Hendrickson,* 320 Mich 577; 31 NW2d 726 (1948), *Ranck v Springer,* 333 Mich 671; 53 NW2d 678 (1952), *Frakes v Eghigian,* 358 Mich 327; 100 NW2d 297 (1960). Consequently, in the instant case, if plaintiffs' factual allegations indicate that tender was not made because defendants prevented it or indicated they would not accept it, plaintiffs' complaint states a cause of action.

Because plaintiffs' complaint includes allegations

that defendants did not accept payment and that such conduct was wrongful, we find that plaintiffs' pleadings do state a claim upon which relief can be granted. Therefore, we hold that the trial judge committed reversible error in ordering summary judgment under GCR 1963, 117.2(1) on the redemption issue.

In addition, we conclude that the trial judge reversibly erred in ordering summary judgment pursuant to GCR 1963, 117.2(3) on that issue. Under GCR 1963, 117.2(3), the moving party is entitled to summary judgment where there is no genuine issue as to any material fact. *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316, 319–320 (1973), in discussing GCR 1963, 117.2(3), quotes the following portion of the authors' comments of Honigman & Hawkins:[1]

"When summary judgment is claimed for lack of factual merit, the court must be careful not to substitute a summary hearing for a trial. The *trial may be avoided only if the record presented at the hearing shows that, * * * ; or (2) an essential element of proof of the claim or defense cannot be supplied.*

"If a motion asserts a hiatus in essential proof, *the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome."* (Emphasis added in *Rizzo.)*

*Rizzo, supra,* 389 Mich 363, 372; 207 NW2d 316, 320 (1973), also explained.

"The courts are liberal in finding that a 'genuine issue' does indeed exist. As Honigman and Hawkins correctly comments, * * * the court will 'give the ben-

---

[1] 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 362 and 1972 Supp, pp 81, 83.

efit of any reasonable doubt to the opposing party
* * * '."

We believe plaintiffs' affidavits in the case at bar
raise a genuine issue of material fact regarding
whether defendants had manifested an intent to
not accept tender of payment. Plaintiffs' attorney's
affidavit alleges he was unable to complete the
redemption transaction because defendant Crews
had been purposely making himself unavailable.
In addition, the affidavit alleges that Crews had
told plaintiffs' attorney that the Dosts wanted to
retain the property and, consequently, Crews was
unauthorized to accept payment. The affidavit of
plaintiffs' attorney's law partner alleges that
Crews also had told the law partner that the Dosts
wanted to keep the property, and Crews, therefore,
could not accept payment. Because these allega-
tions, if proved, would entitle plaintiffs to relief
under the earlier mentioned theory that tender of
payment is not required where defendant has
shown it would not be accepted, we reverse the
trial court's order of summary judgment and re-
mand for trial on the redemption issue.

At this juncture, we wish to explain that we
disagree with defendants' contention that plaintiffs
should have tendered payment to either the Dosts
or the court, and because they did neither, they
are not entitled to redemption. Although we can
find no case law interpreting the statutory phrase
"is paid to the plaintiff" (MCLA 600.5744(6); MSA
27A.5744(6)), the judgment notice approved by the
Michigan Supreme Court Administrator specifies
that the amount of the judgment may be paid to
either the district court or the plaintiff (in the
summary proceedings). We do not interpret that
form as requiring defendant either to seek to
make payment to the court if he has been unable

to tender payment to the plaintiff or attempt to pay the plaintiff if he has been unable to pay the court. Under such an interpretation, a defendant who at the end of the redemption period is willing and able to make payment might lose his opportunity to do so by unsuccessfully attempting to pay the plaintiff and then discovering he cannot reach the court in time to tender payment within the redemption period. We therefore read the statute and court form together as leaving defendant with the choice of making payment to either plaintiff or the court. Furthermore, we read the statute and court form as permitting tender of payment to plaintiffs' attorney as plaintiffs' agent. We believe *Frakes v Eghigian,* 358 Mich 327; 100 NW2d 297 (1960), supports this interpretation. *Frakes, supra,* approved the lower court's finding that in a transaction involving the sale of certain property, tender of payment was validly made where the vendee gave his check to the vendor's real estate agent.

In addition, we believe DR 7-104 of the Code of Professional Responsibility, Canons and Disciplinary Rules, adopted by the Michigan Supreme Court supports our view that tender can validly be made to the attorney. That disciplinary rule discourages contact between a lawyer and an adverse party who is known to be represented by a lawyer. Thus, we conclude that plaintiffs in the instant case properly attempted to tender payment only to defendants' attorney and did not, by so doing, forfeit their redemption right.

Plaintiffs next argue that the trial court reversibly erred in ordering summary judgment under GCR 117.2(1) and (3) on the equitable mortgage issue. We agree.

The summary judgment order was procedurally

incorrect because it was based on defendants' claim that plaintiffs' suit was barred under the doctrine of res judicata. A claim of that nature is not a ground for ordering summary judgment under either GCR 1963, 117.2(1) or (3). Instead, it is a ground for ordering accelerated judgment pursuant to GCR 1963, 116.1(5). Although this Court can construe an order of summary judgment under GCR 1963, 117.2(1) or (3) as one of accelerated judgment under GCR 1963, 116.1(5), *Schimmer v Wolverine Insurance Co,* 54 Mich App 291; 220 NW2d 772 (1974),[2] we choose not to so construe it in this case because although at first blush plaintiffs' action seems to be barred by res judicata, we do not believe it is so barred.

*Braxton v Litchalk,* 55 Mich App 708, 717; 223 NW2d 316, 321 (1974), citing *Howell v Vito's Trucking and Excavating Co,* 386 Mich 37, 41–42; 191 NW2d 313 (1971), and *Jones v Chambers,* 353 Mich 674, 680–681; 91 NW2d 889 (1958), explained the doctrine of res judicata as follows:

> "[T]he doctrine of res judicata is applicable to a second suit involving the same cause of action as that raised in the first suit, and will bar the relitigation of issues which actually were or might have been presented before the court in the first action."

Defendants correctly contend that plaintiffs could have raised their equitable mortgage claim in the district court proceedings. Although the district court lacks jurisdiction over " * * * actions which are historically equitable in nature, except as otherwise provided by law", MCLA

---

[2] In *Schimmer v Wolverine Insurance Co,* 54 Mich App 291; 220 NW2d 772 (1974), the Court construed a motion for accelerated judgment as one for summary judgment. Nevertheless, we believe the rationale of the *Schimmer* holding would support a decision construing a motion for summary judgment as one for accelerated judgment.

600.8315; MSA 27A.8315, DCR 203.2 provides for permissive joinder of counterclaims and DCR 203.5 provides for removal to circuit court of proceedings in which defendant, by counterclaim, seeks relief that the district court lacks the jurisdiction or power to grant. Thus, James and Ruth Karakas could have raised their equitable mortgage claim by counterclaim and had it litigated in circuit court. Nevertheless, the fact that that option was available does not mean that because plaintiffs failed to take advantage of it, they are now barred by res judicata from raising their claim. We believe this case is governed by § 58 of the Restatement of the Law of Judgments, which states:

"Where the defendant does not interpose a counterclaim although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim."[3]

The comments to that section explain:

"In the absence of a statute or rule of court otherwise providing * * * , the defendant has the option of interposing a counterclaim or of bringing a separate action against the plaintiff. If he has a claim against the plaintiff, whether or not arising out of the same transaction or occurrence as that on which the plaintiff's claim is based, he is not bound to plead it as a counterclaim, although he is permitted to do so; and his failure to interpose it as a counterclaim will not bar him from maintaining an action upon it. Counterclaims are permissible but not compulsory, unless a statute otherwise provides.

* * *

"Where the same facts constitute a ground for defense to the plaintiff's claim and also a ground for a

---

[3] Restatement, Judgments, § 58, p 230.

counterclaim, and the defendant fails to allege these facts either as a defense or as a counterclaim, he is not precluded from relying upon them thereafter in an action brought by him against the plaintiff. The defendant has had his day in court in so far as the plaintiff's claim against him is concerned, and his failure to interpose a defense to the plaintiff's claim precludes him from thereafter asserting the defense * * * . His claim against the plaintiff, however, is a different cause of action from the plaintiff's claim against him, and is not merged in the judgment given in the action on the plaintiff's claim. It is immaterial whether in the plaintiff's action against him he defaulted or interposed a defense setting up facts other than those which formed the basis of his claim against the plaintiff."[4]

Because a counterclaim under DCR 203.2 is permissive rather than compulsory, and plaintiffs did not raise their equitable mortgage claim in the district court proceedings by either defense or counterclaim, plaintiffs are not barred from now litigating their claim.[5] Consequently, we reverse the trial court's order on this issue and remand for trial. Costs to plaintiffs.

[4] Restatement, Judgments, § 58, p 230–231.

[5] We are aware of *Bocinski v Krzeminski*, 253 Mich 48; 234 NW 103 (1931), where the Court held that plaintiffs' equitable mortgage claim, filed after defendants had recovered possession through summary proceedings, was barred by res judicata. We find that case inapposite because plaintiffs had filed a prior action in equity that attacked the summary proceedings judgment but failed to raise the equitable mortgage claim.