UNION STOCK YARDS COMPANY OF OMAHA V. CHARLES
M. CONOYER, ADMINISTRATOR.

FILED NOVEMBER 28, 1893.   No. 5417.

1. **Negligence:** DEFECTIVE APPLIANCES: NOTICE: PLEADING.
   Where an action is brought by an administrator against a stock
   yards company for the death of a switchman, caused by defects
   in the railway track, it is unnecessary to allege in the petition
   that he had no knowledge of these defects.   That is a matter of
   defense which, to admit proof, must be pleaded.

2. **Admission of Evidence.**   There was no error in the admission
   of evidence.

3. **Motion to Direct Verdict for Defendant:** EVIDENCE.
   Where at the close of the testimony of the plaintiff a motion is
   made by the defendant to instruct the jury to return a verdict
   for the defendant, every fact alleged in the petition which there
   was testimony tending to prove will, for the purpose of the mo-
   tion, be considered as proved; and if the testimony as a whole
   shows a liability of the defendant to the plaintiff the motion
   should be overruled.

4. **Instructions.**   No error in giving or refusing instructions.

ERROR from the district court of Douglas county.   Tried
below before KEYSOR, J.

The opinion contains a statement of the case.

*Breckenridge, Breckenridge & Crofoot,* for plaintiff in
error:

A petition in an action to recover for personal injuries,
where the person injured sustains the legal relation of a
servant to the person sought to be charged, must show that
plaintiff or the injured person did not know, or had no
reasonable means of knowledge, and that the defendant did
know, or should have known, of the danger or defect caus-
ing the injury. (*Bogenschutz v. Smith,* 1 S. W. Rep. [Ky.],
578, 3 S. W. Rep., 800; *Louisville N. A. & C. R. Co. v.*

*Sanford*, 19 N. E. Rep. [Ind.], 770; *Louisville N. A. & C. R. Co. v. Corps*, 24 N. E. Rep. [Ind.], 1046; *Philadelphia & R. R. Co. v. Hughes*, 13 Atl. Rep. [Pa.], 288; *Norfolk & W. R. Co. v. Jackson's Admr.*, 8 S. E. Rep. [Va.], 370; (*Minty v. Union P. R. Co.*, 21 Pac. Rep. [Idaho], 663; *Mad River & L. E. R. Co. v. Barber*, 5 O. St., 541; *Buzzell v. Laconia Mfg. Co.*, 48. Me., 113; *Hayden v. Smithville Mfg. Co.*, 29 Conn., 548; *International & G. N. R. Co. v. Doyle*, 49 Tex., 190; Beach, Contributory Negligence, sec. 123; Wood, Master and Servant, sec. 414; 2 Thompson, Negligence, p. 1052; Black, Proof and Pleading in Accident Cases, secs. 18, 21.)

*Mahoney, Minahan & Smyth, contra:*

It is unnecessary for the servant to plead and prove want of knowledge of the defect. (*Mayes v. Chicago, R. I. & P. R. Co.*, 63 Ia., 562; *Wells v. Burlington, C. R. & N. R. Co.*, 56 Ia., 520; *Hulehan v. Green Bay, W. & St. P. R. Co.*, 58 Wis., 319, 68 Wis., 520; *Dorsey v. Phillips & Colby Construction Co.*, 42 Wis., 583; *Cummings v. Collins*, 61 Mo., 520; *Dale v. St. Louis, K. C. & N. R. Co.*, 63 Mo., 455; *Flynn v. Kansas City, St. J. & C. B. R. Co.*, 78 Mo., 195; *Colbert v. Rankin*, 72 Cal., 197; *Sanborn v. Madera Flume & Trading Co.*, 70 Cal., 261; *Snow v. Housatonic R. Co.*, 8 Allen [Mass.], 441; *Missouri P. R. Co. v. Lee*, 7 S. W. Rep. [Tex.], 857; *Pidcock v. Union P. R. Co.*, 1 L. R. A. [Utah], 131; *Shanny v. Androscoggin Mills*, 66 Me., 420; *Unotilla v. Duluth Lumber Co.*, 33 N. W. Rep. [Minn.], 551; *Smith v. Peninsular Car Works*, 27 N. W. Rep. [Mich.], 662; *Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578; *Stevens v. Howe*, 28 Neb., 547; *Village of Orleans v. Perry*, 24 Neb., 831.)

MAXWELL, C. J.

This is an action brought by the defendant in error against the plaintiff in error to recover for the death of

W. J. McAnnelly, caused, it is alleged, by the negligence of the plaintiff in error.   On the trial of the cause the jury returned a verdict for $5,000 in favor of the defend- ant in error and made special findings as follows:

"The jury are directed to make the special findings in answer to the following interrogatives:

"1.  What was the condition of the track at the point where the forward trucks of the next to the last car in the train left the rails?

"A.  Covered by coal and cinders and other rubbish.

"2.  Did the defendant know the condition of the track as it was on the morning of the accident?

"A.  Not known.

"3.  Did Mr. McAnnelly have knowledge, or means of knowledge, of the condition of things at the place where the accident occurred?

"A.  Not known.

"4.  What caused the forward trucks of the car next to the last one to jump the rails?

"A.  Cinders and coal.

"5.  Was or was not the death of Mr. McAnnelly acci- dental?

"A.  It was not accidental.

"6.  How did Mr. McAnnelly come to be thrown under the cars?

"A.  It was caused by the jar received from the trucks leaving the rails.

"7.  What caused the death of Mr. McAnnelly?

"A.  He was crushed beneath the cars."

A motion for a new trial was overruled and judgment entered on the verdict.

1. The principal ground of the action is that the death was caused by the defective condition of the track, and it is objected by plaintiff in error that there is no allegation in the petition that the deceased "did not know, or had any means of knowledge, of the defective condition of the

track complained of." These facts are a matter of defense and need not be alleged or proved in the first instance. This question was before the supreme court of Iowa in *Mayes v. Chicago, R. I. & P. R. Co.*, 14 N. W. Rep., 342 and *Wells v. Burlington, C. R. & N. R. Co.*, 9 N. W. Rep., 364, and it was held to be a matter of defense, and unless pleaded by the defendant, proof could not be given on that point. There are many other cases sustaining the decisions of the Iowa court, but it is unnecessary to burden this opinion with them. Substantially the same rule was adopted by this court in *City of Lincoln v. Walker*, 18 Neb., 244, and other cases since decided. The first objection is untenable.

2. A number of objections are made to the introduction of evidence. It is unnecessary to review these at length. No material error has been pointed out, and no material error in that regard was committed by the court.

3. At the close of the testimony of the plaintiff below, defendant below asked the court to instruct the jury to return a verdict in its favor. This the court refused to do, to which the defendant below excepted and now assigns the ruling of the court for error. The record shows that there was testimony tending to sustain every proposition in the petition. Where this is the case, and a motion is made to direct a verdict, the rule is that every point which the evidence tends to prove, for the purposes of the motion, must be considered as established. Such a motion can only be sustained where there is a failure to prove some material fact in the case by reason of which no liability of the defendant to the plaintiff is shown. The motion, therefore, was properly overruled.

4. Errors are assigned in giving various instructions, and also in refusing to give several instructions asked by the defendant below. It is unnecessary to review these at length. The instructions given seem to be applicable to the testimony, and those asked were properly refused.

There is no material error in the record and the judgment is

AFFIRMED.