MURDOCK *v.* ROE.

1. TRIAL—MOTIONS—REVERSIBLE ERROR—MISCONDUCT OF COUNSEL.
   The jurors, in an action for breach of contract to lease property, were not disqualified by having heard, upon motion for security for costs, the argument of plaintiff's attorney, in the absence of some showing of bias or disqualification: and defendant, who did not exercise her right to a peremptory challenge, could not complain of the refusal to excuse them for that reason.

2. SAME—SECURITY FOR COSTS—JUSTICES OF THE PEACE.
   The circuit court, on appeal from a justice of the peace, did not err in declining to dismiss the action of a party plaintiff whose affidavit showed that she was a resident of the county, on motion to require security for costs.

3. SAME—CHARGE—BURDEN OF PROOF—EVIDENCE.
   The charge that the burden of proof was on the plaintiff to establish her case was a sufficient statement of the rule, and no reversible error was committed by the failure of the court to give a more extended request which concluded with the instruction that if the testimony was evenly balanced the verdict must be for defendant.

4. LANDLORD AND TENANT—REQUESTS—COMPROMISE—CHARGE.
   Where plaintiff claimed that she rented a part of a house from defendant, who later refused to permit her to occupy the premises, and they entered into a substituted contract in full settlement of their disagreement, but defendant failed to carry it out, the trial court did not err in charging that plaintiff might recover if the jury found that plaintiff's claim was sustained by the evidence and in refusing a requested instruction that the second, or compromise agreement, replaced the contract on which plaintiff sued.

5. SAME—ANTICIPATORY BREACH—TENDER.
   No tender of performance by the lessee was required where the lessor absolutely repudiated the agreement and declined to put plaintiff into possession under the lease, prior to the date at which the contract was to commence.

6. SAME—DAMAGES—TIME—BREACH OF CONTRACT.

In charging the jury relative to the proper rule of damages, the court properly permitted them to take into consideration the cost of packing and storing plaintiff's goods and other similar items of loss, shown by the testimony to have resulted from the breach of the lease by the lessor, and it was not erroneous to refuse to instruct the jury that if defendant offered to give possession at a later date than the one agreed upon the damages should be limited to the intervening period.

7. SAME—CHARGE—BREACH.

And the court did not err in charging the jury in substance that if the claim of plaintiff was found to be warranted by them she was entitled to recover unless the defendant had excused the breach, that if defendant had established her claim that the first contract was merged in the second agreement, and it had not been fulfilled by plaintiff, as alleged, there could be no recovery; but if defendant's claim was established by the testimony in her behalf, she was entitled to a judgment, that if the defendant refused to carry out the modified contract, and receded from it, proposing other terms, and declining to carry out the same, it was a sufficient reply to the claim of the defendant.

Error to Washtenaw; Kinne, J. Submitted November 4, 1914. (Docket No. 130.) Decided June 7, 1915.

Assumpsit in justice's court by Jean Murdock against Clara Roe for breach of contract of leasing. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Lee N. Brown,* for appellant.

*Martin B. Stadtmiller* (*Floyd E. Daggett,* of counsel), for appellee.

McALVAY, J. This is an action in assumpsit, brought by plaintiff against defendant in justice's

court in the township of Ypsilanti, Washtenaw county, and grew out of a contract between the parties 'relative to the rental by plaintiff of part of defendant's house, which defendant refused to carry out. It resulted in that court in a verdict and judgment in favor of plaintiff. Thereupon defendant appealed to the circuit court with a like result. Defendant has removed the case to this court upon writ of error.

Briefly stated, the facts in the case are as follows: Plaintiff, at that time residing in Detroit, desired to move to Ypsilanti to keep house and attend school. On August 30, 1912, she went to that place in company with her brother, and inquired at the office of defendant's agent, Mr. Wortley, who was in the real estate business, for property which would suit her. He gave her the keys to the north half of a double house which belonged to defendant, which, after inspection, she decided to rent, agreeing to pay $14 a month, she to take possession September 15th following, when rent was to begin. To close the contract she paid the agent $5 on rent account, for which he gave her a receipt. She then went back to Detroit to pack her furniture and get ready to move. Two weeks later, when the goods were ready to ship, plaintiff sent a note to that effect to Mr. Wortley, the agent from whom she rented the premises. She was at once informed by him that the owner of the house repudiated the contract and refused to give possession. Her two brothers went from Detroit to Ypsilanti for her to ascertain the trouble and, interviewing defendant, found that she absolutely refused to let her have the house. She then offered plaintiff's brothers two of the rooms in the house at $7 a month, which, when reported to plaintiff, she agreed to take if defendant would let her have them. She then proceeded to unpack her furniture and repacked enough for the two

rooms and stored the rest. The repacked goods were loaded in a van for shipment to Ypsilanti and started for the depot, and while on the way plaintiff received a telephone message from Mr. Wortley that defendant refused to let her have the two rooms promised. Plaintiff at once went to Ypsilanti and saw defendant, who verified the truth of the notice which she had received, and defendant absolutely refused to allow her possession of the rooms. Defendant then offered to rent her the north half of this house and give possession on September 26th. Plaintiff refused this, as the date was too late. She had shipped her goods to Ypsilanti and would be put to large expense if she delayed in taking them at once. She had no further dealings with defendant, except to begin this suit in justice's court early in October, 1912.

The first, second and third errors assigned and relied upon by defendant are the reasons upon which the motion for a new trial, which was made by defendant, was based, viz., that the verdict and judgment were against the weight of testimony in the case; that the matter at issue was frivolous and speculative and no proper damages were proven; that the case was without merit; that the court erred in denying defendant's motion for a new trial.

An examination of the record satisfies us that the verdict and judgment were not against the weight of the evidence; also that the matter at issue was not frivolous and speculative, and that proper damages were proven.

The ground for a new trial upon which defendant placed great reliance related to an argument made by counsel for plaintiff upon the motion for security for costs heard before the jury was called, which it is claimed occurred in the presence of all the jurors. There is no claim made that this argument was improper, but that the jurors, having heard it, were

disqualified. No language claimed to have been improper is called to the attention of the court. The learned trial judge, in denying the motion, has answered this contention, as follows:

"When the jury was impaneled in the above cause they were fully examined by counsel for the defendant for their competency to sit as jurors in said cause. They were fully examined as to their knowledge or as to any prejudice that any of them might have in said cause, and if any challenge or objection had been made, the court would have carefully considered the same. At the close of such examination, counsel expressed themselves as satisfied with said jury, and in my opinion a fair, just, and impartial trial was had."

A further reason urged for granting a new trial was that neither the justice nor the circuit court acquired jurisdiction, for the reason that no security for costs was required of plaintiff in either court. This question was before the circuit court upon the motion for security for costs which, in his judicial discretion, was denied by the court; it appearing from the affidavit of plaintiff that she had been a resident of Washtenaw county since September 24, 1912.

For the reasons above given the foregoing three assignments of error are without merit.

The remaining assignments of error relate to the refusal of the court to give certain requests of defendant and to portions of the charge as given. The court was requested to charge, as follows:

"The burden of the proof is on the plaintiff. She must establish her case by a fair preponderance of evidence (and where the testimony is evenly balanced your verdict should be for the defendant)."

Upon the question of burden of proof the court charged:

"This is a civil case, and the burden of proof is on the plaintiff to establish her case by what we call a fair preponderance of the evidence."

Error is assigned because the court omitted the last clause of the charge requested as above marked in parentheses. It is our opinion that the charge as given was correct and all that is required. It is not improper for a court in giving this charge to elaborate by way of example. Therefore the charge requested, if given, would not have been erroneous, for the reason that the clause refused by the court was of that character.

Error is also assigned on the refusal to give requests to charge, as follows:

"(1) If you find that the rental of the north side of the house was settled and merged in a new contract in Mr. Wortley's office by which the plaintiff was to take the two rooms upstairs, then the plaintiff cannot collect upon the old contract, but must rely upon the new."

And further:

"(2) If you find that it was the agreement that the rent was to be paid in advance and occupancy given the 15th of September, before the plaintiff can recover she must show that she paid, or tendered payment, for the rent in compliance with her contract."

And further:

"(5) If you find, after the first abandonment by the plaintiff of her contract, that the minds of the parties never again met, then the plaintiff cannot recover."

The portions of these requests to which defendant was entitled are covered by the charge of the court, as follows:

"The defendant insists that there was a substitute for the said original contract, that the former contract was merged into the second agreement, and that this second agreement has never been fulfilled on the part of the plaintiff, and therefore the defendant is not culpable in this matter, and that the plaintiff has no right to complain, and therefore the plaintiff can-

not recover in this action. If from the evidence you find that the defendant is sustained in her view, then the defendant will be entitled to your verdict; but it is the contention of the plaintiff that the defendant utterly refused to carry out the original agreement made by Mr. Wortley with the plaintiff, and that finally, as a compromise, and in settlement of their troubles, she, the plaintiff, did enter into the second agreement with the defendant respecting a lease of a part of the said house, which agreement was intended to be a substitute for the first agreement, but it is the claim and contention of the plaintiff that the defendant finally receded even from the second agreement, and so changed and modified it that the plaintiff was compelled to, and did in fact, utterly refuse to accept such modified and changed substitute. Now, if from the evidence you find that this contention on the part of plaintiff is true, then it is a complete answer and reply to the claim on the part of the defendant."

As to the second of these requests relative to no tender being made, it was properly refused because defendant on her return to Ypsilanti refused to recognize the agreement made by plaintiff with Mr. Wortley and repudiated it, and again did the same thing in her interview with plaintiff's brothers. No tender was necessary.

The third request, refused by the court, defendant was not entitled to. It was covered by the portion of the charge of the court above quoted. It is undisputed that defendant absolutely refused to carry out the agreement made with defendant's agent, Wortley, and offered plaintiff, in lieu thereof, two or three rooms as a substitute, but withdrew that offer at once through Mr. Wortley by telephone; that when plaintiff came to inquire about it, defendant absolutely refused to let her have the rooms; therefore all consideration for release from the first agreement, if there was a release, failed.

Defendant assigns error upon the refusal to charge, as requested, the following:

"If you find that she was to take possession on the 15th of September, and that the defendant was willing to give her possession on the 26th, her damages would be what accrued between the 15th and 26th."

This is based upon the offer made by defendant to plaintiff at their last interview, when defendant repeated to her the withdrawal of her offer to let her have the rooms which had already been telephoned to her by Mr. Wortley. This was properly refused, because it did not state the correct measure of damages. The record shows, among other things, that before the 15th she had been to considerable expense in packing her goods and in unpacking them, in cartage, and in sending her brothers to Ypsilanti from Detroit and for storage.

The remaining assignments of error are to portions of the charge as given by the court, being the first four paragraphs, amounting to two-thirds of the entire charge. The third and fourth of these have already been quoted in this opinion, *supra*. The first is the opening of the charge, giving a statement of the claim of plaintiff, and the second paragraph being a general statement that if the jury found such claim established by the evidence, she was entitled to recover, "unless the defendant has established a full explanation and excuse for such breach of contract on her part."

No error was committed by the court in these portions of the charge given, nor do we find any prejudicial error in the case.

The judgment of the circuit court is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.