WILLIAM F. HOERGER ET AL., APPELLEES, V. CITY STATE
BANK, SUTTON, NEBRASKA, APPELLANT.

37 N. W. 2d 393

Filed May 13, 1949.    No. 32577.

*John A. Bottorf* and *H. J. Rothrock,* for appellant.

*Stiner, Boslaugh & Stiner,* and *D. B. Massie,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is a forcible detainer action originally instituted in the county court of Clay County, Nebraska, by plaintiffs against the defendant to recover possession of a certain lot of land and improvements located thereon in the city of Sutton, Clay County, Nebraska. The action was instituted by the filing of a complaint. A trial

was had at the conclusion of which judgment was rendered in favor of the defendant.

From the judgment of the county court plaintiffs appealed to the district court where the action was tried on the same issues as were presented to the county court. A jury was impaneled but at the conclusion of the evidence on motion of plaintiffs the case was removed from consideration by the jury. The jury was discharged and the court rendered judgment in favor of plaintiffs, that is, it was adjudged that plaintiffs were entitled to restitution of the premises.

From this judgment and an order overruling a motion for new trial the defendant has taken an appeal to this court.

The grounds asserted in the assignments of error are numerous, however only one requires separate and specific consideration. The remaining ones will be treated generally and collectively.

The one requiring separate consideration is an assertion that the court erred in overruling defendant's motion to dismiss the action at the close of plaintiffs' testimony.

This assignment deals with the question of whether or not the plaintiffs adduced evidence on the elements necessary to be proved in an action for forcible detention to sustain a judgment for recovery of possession of property, or in other words whether or not the evidence of plaintiffs was prima facie sufficient to sustain a judgment.

The evidence which was before the court at the time the motion was made and overruled came from witnesses and exhibits and the report of a pre-trial conference. The evidence, viewed in the light most favorable to plaintiffs, as it properly must have been for the purposes of the motion, which motion must be treated the same as a motion for a directed verdict, showed that defendant had been in possession of the premises up to April 1, 1948, under a written lease which expired on

that date; that the defendant was in possession after the expiration of the lease without any other lease, oral or written, and without any claim of right of possession on account of holding over the term specified in the lease; that due and timely notice to vacate had been given; and that plaintiffs had refused to accept rent for any period after April 1, 1948.

The controlling rule when a motion is made by a defendant at the close of plaintiff's evidence for a directed verdict or for dismissal for want of sufficient evidence to make a prima facie case is that every fact alleged which the evidence tends to prove will, for the purposes of the motion, be considered as proved. Union Stock Yards Co. v. Conoyer, 38 Neb. 488, 56 N. W. 1081, 41 Am. S. R. 738; Harris v. Lincoln Traction Co., 78 Neb. 681, 111 N. W. 580; Wheeler v. Abbott, 89 Neb. 455, 131 N. W. 942; Curtice Co. v. Estate of Jones, 111 Neb. 166, 195 N. W. 930.

On all elements necessary to be proved plaintiffs adduced evidence, therefore the court did not err in refusing to dismiss the action at the close of plaintiffs' case.

The remaining assignments of error relate to the defense which was interposed to plaintiffs' cause of action.

On May 8, 1918, a written lease was entered into for the premises herein involved. Katie E. Burke, then owner, was lessor and the defendant herein was lessee. The term of the lease was ten years from April 1, 1918. The lease contained an option which permitted the lessee on notice prescribed in the lease to have it extended not to exceed fifteen years beyond the ten-year term. The lessee was privileged to exercise the option for periods of not less than five years but not to exceed the total of fifteen years. If the option was exercised notice was required of the intention in each instance. The defendant exercised the option for two successive five-year periods but for the last five years it failed to do so.

Instead of exercising the option for the last five years the parties on May 11, 1938, entered into a written

agreement named "AGREEMENT FOR EXTENSION OF LEASE." This agreement was for a term beginning April 1, 1938, and ending April 1, 1948. This agreement, among other provisions, contained the following:

"WHEREAS, it is the desire of the parties hereto that said lease be continued for an additional term and to evidence that intention, and their mutual agreement, this written memorandum is entered into;

"IT IS MUTUALLY AGREED:

"That said original lease be and is hereby extended for an additional term of ten years from the 1st day of April, 1938, to the 1st day of April, 1948, under the same conditions, provisions and requirements as in said original lease contained, except:

"(1) That the extended term herein granted shall expire on April 1, 1948;

"(2) That the rental to be paid by Second Party to First Party as a consideration for said lease, shall be $90.00 per month instead of $130.00 per month as in said original lease provided.

"That in all other respects the covenants in said original lease shall continue to be binding upon the parties hereto, to the same effect as if fully incorporated herein.

"That this agreement shall be executed in duplicate and each party hereto shall attach this agreement to the original lease, so that it may all be construed as one instrument, with the exceptions as above noted.

"IT IS ESPECIALLY AGREED that all of the rights and obligations, and all property rights of the parties under the original lease shall be and remain the same, except in the particulars above mentioned."

From an order on pre-trial conference appearing in the transcript it is shown that the plaintiffs became the owners of the real estate in question and the assignees of the rights of Katie E. Burke under the lease of May 8, 1918, and the agreement of May 11, 1938.

The trial court decided in effect after the conclusion

of the evidence that the agreement of May 11, 1938, conclusively fixed the date of the expiration of defendant's tenancy as April 1, 1948, that from that date forward it was holding over without right, that plaintiffs were entitled to restitution, and rendered judgment accordingly.

Against this the defendant in substance contends that by the terms of the agreement of May 11, 1938, read with the lease of May 8, 1918, it had, in addition to the term of ten years named in the agreement, an option for renewal thereof for an additional term of fifteen years which it was privileged to exercise on no-. tice given pursuant to the terms of the original lease. It contends that notice was accordingly given for a term of five years, therefore it was rightfully in possession of the premises.

To support the contention reference was had to the terminology of the two instruments. Also to support it oral evidence that such was the intention of the parties when the agreement of May 11, 1938, was entered into was offered. This evidence was rejected.

The rejection of this evidence was proper. In Sylvester v. Carpenter Paper Co., 55 Neb. 621, 75 N. W. 1092, it was said: "Where negotiations take place between parties which result in their reaching an agreement in reference to the subject-matter of the negotiations, and the parties subsequently reduce their agreement to writing, sign and deliver the same, then, in the absence of fraud or mistake or an ambiguity in the writing, it constitutes the best and only competent evidence of the contract originally made." See, also, Theno v. National Assurance Corporation, 133 Neb. 618, 276 N. W. 375; Arman v. Structiform Engineering Co., 147 Neb. 658, 24 N. W. 2d 723.

It is not contended that any fraud was involved here and it cannot reasonably be said that there was any legally recognizable mistake or that there is any ambiguity in the writing.

It is difficult to see how the parties could have more explicitly limited the term of the lease agreement of May 11, 1938, to ten years than they did. It is explicitly stated that the extension shall be to April 1, 1948. This is followed immediately by a declaration that the term granted shall expire on April 1, 1948. Clearly this is a double declaration that all rights of the defendant under the two instruments should expire and come to an end April 1, 1948.

The judgment of the district court is affirmed.

AFFIRMED.