E. L. CANADAY, APPELLANT, V. ELMER J. KRUEGER ET AL., APPELLEES.

56 N. W. 2d 123

Filed December 12, 1952.   No. 33186.

*A. J. Kinnersley* and *Lawrence M. Clinton,* for appellant.

*Heaton & Connors, Martin & Davis,* and *Frank J. Mattoon,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought by the plaintiff E. L. Canaday in the district court for Cheyenne County against the Thomas Lumber Company, a corporation, and Elmer J. Krueger as defendants to recover damages for the failure and refusal of the lessor, the Thomas Lumber Company, and its grantee, Elmer J. Krueger, to deliver possession of certain premises leased to the plaintiff. At the conclusion of the plaintiff's evidence in chief the defendants each separately moved for a directed verdict.

The motion of the Thomas Lumber Company was upon the grounds (1) that the evidence failed to establish by sufficient weight thereof the cause of action in favor of the plaintiff against the defendant; (2) that the evidence showed possession of the leased premises was given to the plaintiff under the terms of the lease by the defendant Thomas Lumber Company; (3) that the evi-

dence showed the plaintiff failed, neglected, and refused to tender the cash payment under the terms of the lease on October 1, 1950, and failed to keep such tender in full force and effect; and (4) that the evidence was entirely insufficient to warrant a submission to the jury on the question of damages alleged to have been suffered by the plaintiff.

The motion for directed verdict on the part of the defendant Elmer J. Krueger was to the effect that the evidence of the plaintiff disclosed that any possessory rights he had in the leased premises under the lease with the defendant Thomas Lumber Company he voluntarily surrendered; that the plaintiff failed to pay the rental under the terms of the lease which was due on October 1, 1950, and failed to make any legal tender to the defendants E. J. Krueger or the Thomas Lumber Company, and failed to keep a valid offer of any kind of tender for the payment due October 1, 1950; and that the plaintiff failed to sustain the burden of proof by a preponderance of evidence.

The trial court sustained the motions for directed verdict except that according to the terms of the lease the plaintiff was to be credited with $250 for fixtures furnished by him, principally plumbing fixtures for the heating system of the building, for which amount the plaintiff was entitled to recover judgment, together with interest at the rate of 6 percent per annum from November 1, 1950, in the amount of $16.25. The court found that there was insufficient evidence to sustain the balance of the plaintiff's petition. Judgment was entered accordingly. The plaintiff's recovery was fixed in the amount of $266.25.

The plaintiff filed a motion for new trial which was overruled, and the plaintiff perfected appeal to this court.

The plaintiff's amended petition, insofar as necessary to consider here, alleged in substance that on September 7, 1950, the plaintiff and the Thomas Lumber Com-

pany entered into a written lease by the terms of which the plaintiff leased Lot 6, Block 20, Original Town of Sidney, Cheyenne County, Nebraska; that at the time the lease was executed there was in the process of construction on said premises a two-story building with a full basement, which building, when completed, would be suitable for a restaurant, a rooming house, and storage purposes; that the lease provided for certain fixtures to be furnished by the plaintiff in the amount of $250, for which the plaintiff should receive credit; that on or about October 1, 1950, the plaintiff did tender to the Thomas Lumber Company the sum of $150, but the tender was refused; that the building was not ready for occupancy until after November 3, 1950; that the sale of the leased premises by the Thomas Lumber Company to the defendant Krueger occurred on October 3, 1950, by deed which contained the following provision: "Subject to the outstanding lease to E. L. Canaday"; that tender was made to defendant Krueger by the plaintiff on or about November 3, 1950, in the sum of $150, being the balance of the first two months rent; and that defendant Krueger refused to permit the plaintiff to go into possession of the premises, and the Thomas Lumber Company likewise failed to place the plaintiff in possession of the premises. Other allegations of the amended petition relate to items of damages and special damages which need not be set out. The plaintiff prayed for judgment against the defendants in the amount of $3,650 and costs of this action.

The amended answer of the Thomas Lumber Company admitted the lease was entered into for a period of two years; that after the execution of the lease the plaintiff obtained a key to the building and went into possession thereof, subject to the completion of the building; that the plaintiff placed certain property owned by him in the building as provided for by the terms of the lease; and that on the date the defendant Thomas Lumber Company transferred the property by deed to the de-

fendant Elmer J. Krueger, the plaintiff still had the key to the building and free access thereto, and was in possession thereof. The defendant Thomas Lumber Company denied that the plaintiff tendered $150 in currency to it as alleged in the amended petition; alleged that this defendant had in no manner breached the terms of the lease; denied generally the allegations of damages alleged in the petition; and prayed for dismissal of the amended petition.

The answer of the defendant Elmer J. Krueger is in effect a general denial.

The plaintiff's reply to the amended answer of the defendant Thomas Lumber Company and to the answer of the defendant Elmer J. Krueger is a general denial of the allegations of the separate answers of the defendants which are inconsistent with the allegations of the plaintiff's petition.

For convenience we will refer to the parties as originally designated in the district court, referring to E. L. Canaday as plaintiff, the Thomas Lumber Company, a corporation, as Thomas Lumber Company, and the defendant Elmer J. Krueger as Krueger.

The record discloses that in August or September 1950, the plaintiff had a business transaction with the Thomas Lumber Company whereby he entered into a written lease on September 7, 1950, with Roy Thomas, president of the company, to rent a two-story building which was in the process of construction, located on Lot 6, Block 20, Original Town of Sidney, Nebraska, to be used as a restaurant and rooming house. Under the terms of the lease the rent was fixed at $200 per month, payable in advance the first day of the month starting October 1, 1950, the lease to run for a period of two years. The lease provided that the plaintiff should be allowed $250 for certain plumbing fixtures furnished by him for completion of the building, the plaintiff to pay an additional $150 on October 1, 1950, which amount would pay the rental on the premises for the first two months

of the lease. The lease also provided that the plaintiff agreed to pay the Thomas Lumber Company the rent as above specified except when said premises were untenantable by reason of fire, from any other cause than carelessness of the party of the second part or persons in his employ, or by superior force or inevitable necessity.

At the time the lease was signed the building was in the process of completion and not ready for occupancy. The work being done at that time was putting on doors in the upstairs rooms; the lighting fixtures had not been put in place, and the plumbing was not complete.

On October 3, 1950, the Thomas Lumber Company conveyed the premises in question to Elmer J. Krueger by quit claim deed. The deed provided that the conveyance was made "Subject to the outstanding lease thereon to E. L. Canaday."

The plaintiff testified the building was not completed until along in November. On November 1, 1950, the building was still being painted, the floors were being sanded, and the plumbing was being fixed. The plaintiff furnished and delivered to the building in August 1950, certain plumbing fixtures consisting of lavatories, stools, pipe, and radiators which he owned and which, under the terms of the lease, he was required to deliver to the building. He had obtained a key from Roy Thomas, president of the Thomas Lumber Company, for that purpose before the lease was signed. At that time Roy Thomas told the plaintiff he could have the key to put the fixtures in the building where they would be out of the workmen's way. The key was not returned to Mr. Thomas. The plaintiff had a conversation with Mr. Thomas before the deed to Krueger was delivered, in which the plaintiff told Thomas that it looked like Krueger was going to try to hold him out, and he believed he was going to give him the $150. Thomas said Krueger could have it, because Krueger would have the deed. Plaintiff offered to give Thomas $150. He had

already paid $250. He was to pay the $150 on the first of October, or when the building was completed.

It appears from the record that on Saturday, September 30, 1950, before Krueger obtained the deed, the plaintiff had a conversation with Krueger whom he met for the first time. The plaintiff was working on a building that he was demolishing when Krueger and his cousin came to him. Krueger identified himself to the plaintiff and asked for the key to get into the building to put some painters to work. The conversation was in substance as follows: Plaintiff told Krueger that he had obtained the key with the understanding that he was to put some fixtures in the building, and there was some more material to be placed in the building. Krueger said he had lost his key. The plaintiff let him have the key which was to the east door in the front of the building. Apparently there are two doors in the front of the building and one in the rear. About 5:30 p. m., the same day, Krueger returned and walked up to the truck where the plaintiff was standing and said to the plaintiff: "I have got the deed to the building now, and everything paid and straightened out, and I am going to do as I please with it." He further said: "I am going to keep this key." The plaintiff said: "you agreed to bring it back here and turn it over to me at closing time, and I have just got that in trust to put the stuff in, but if you want to take that attitude, go ahead and keep it. * * * I can't take it away from you." He told Krueger he did not believe he had it straightened out because he happened to know that Mr. Thomas was in Lincoln and said he would not be back until Monday. He asked Krueger whom he had seen and was told "his men down there." Plaintiff told Krueger he did not believe he had paid Thomas. The plaintiff determined to go and see Mr. Thomas on Monday morning. He contacted Mr. Thomas the following Monday morning and had a conversation with him in which he told Mr. Thomas about letting Krueger have the key for the purpose of

letting in the painters, and how Krueger came back and refused to give the key to him. Plaintiff also told Mr. Thomas about the conversation he had with Krueger with reference to Krueger having straightened the matter out and paid for the premises. Plaintiff asked Mr. Thomas if that was so. Thomas said no, that Krueger had not paid anything as yet but was going to in a few days.

It appears also from the evidence that the plaintiff met Krueger at different places but had no conversation with him; that Krueger did offer to pay the plaintiff $250 for the rental, which the plaintiff refused and told Krueger he wanted the building. The plaintiff testified that before the building was completed, apparently sometime in November, he had a conversation with Krueger in the presence of two witnesses in which conversation he offered to pay Krueger $150 in currency, counted it out, showed it to him, and asked him for a receipt. Krueger refused to take it and said he did not want it.

With reference to the offer of $150 made to Roy Thomas, the plaintiff testified that this offer was made before Mr. Thomas went to Lincoln. He did not know why Thomas did not take it. He could not make him take it. He was informed by Thomas that Krueger would probably have the deed by the time the building was finished and he should pay the $150 to Krueger.

There is evidence in the record with reference to the rental value of the property and other items constituting damages which the plaintiff claimed to have suffered.

The plaintiff assigns as error, so far as necessary to consider, (1) that the judgment of the trial court is contrary to the evidence and the law; (2) that the court erred in sustaining the separate motions for directed verdict of the defendant Thomas Lumber Company and the defendant Krueger; and (3) that the court erred in determining that under the pleadings and the evidence the plaintiff had to make a formal tender of the rent to

the defendant Thomas Lumber Company on or before October 1, 1950.

The controlling rule when a motion is made by a defendant at the close of plaintiff's evidence for a directed verdict or for dismissal for want of sufficient evidence to make a prima facie case is that every fact alleged which the evidence tends to prove will, for the purposes of the motion, be considered as proved. See, Union Stock Yards Co. v. Conoyer, 38 Neb. 488, 56 N. W. 1081, 41 Am. S. R. 738; Hoerger v. City State Bank, 151 Neb. 321, 37 N. W. 2d 393.

With this rule in mind we proceed to a determination of this appeal.

The case of Herpolsheimer v. Christopher, on rehearing, 76 Neb. 355, 111 N. W. 359, is cited. It is true, the facts are distinguishable from the instant case, however we believe the principle of law announced therein is applicable in the instant case and is the rule in this state. Ordinarily the lessor impliedly covenants with the lessee that the premises leased shall be open to entry by him at the time fixed in the lease as the beginning of the term. See, also, Gregory v. Pribbeno, 143 Neb. 379, 9 N. W. 2d 485; 51 C. J. S., Landlord and Tenant, § 308, p. 969, § 310, p. 971.

There is an implied obligation that the premises shall be completed and ready for occupancy at the commencement of the term. Where the lessor has not fulfilled his obligation to have the building ready for occupancy by the date fixed by the lease for the commencement of the term, the lessee is not bound to enter on that date. See Gibbons v. Hoefeld, 299 Ill. 455, 132 N. E. 425.

On the question of tender, the party alleging tender may prove his averment by showing an offer to pay in bank notes which were not refused on account of the character of the medium; or he may show that when about to produce the money or thing to be tendered, the other party told him it was unnecessary, or that he would not accept it; or any other act or declaration by

which some of the formal requisites of a strict tender were dispensed with. See 62 C. J., Tender, § 86, p. 691.

A formal tender of money is never required where it is disclosed, if it had been made, it would have been fruitless. Graham v. Frazier, 49 Neb. 90, 68 N. W. 367.

The law does not require a useless formality. A formal tender is not necessary where a party has shown by act or word that it would not be accepted, if made. See, Mahnk v. Blanchard, 233 App. Div. 555, 253 N. Y. S. 307; Weinburgh v. Saier, 303 Mich. 640, 6 N. W. 2d 921; Morgan v. Ibberson, 215 Minn. 293, 10 N. W. 2d 222; Hanesworth v. Hendrickson, 320 Mich. 577, 31 N. W. 2d 726; Murdock v. Roe, 186 Mich. 233, 152 N. W. 969.

There is evidence from which a jury might find that the defendant Thomas Lumber Company and defendant Krueger both repudiated the lease prior to October 1, 1950, the date the lease was to be effective, and that the Thomas Lumber Company waived the formal tender by requesting the plaintiff to pay the balance of the rent, $150, to Krueger. There is also evidence that the defendant Krueger was negotiating with another party, who later became his tenant, prior to the time Krueger received the deed. This also goes to the question of tender, or if tender has been waived as heretofore indicated.

The fact that a lessor has sold the land subject to the lease does not relieve him of liability for damages for failure to deliver possession. See, Obermeier v. Mattison, 98 Or. 195, 192 P. 283; 51 C. J. S., Landlord and Tenant, § 308, p. 969.

An entry for a particular purpose under an agreement with the lessor other than the lease does not amount to taking possession. See 51 C. J. S., Landlord and Tenant, § 313, p. 973.

We conclude that under the afore-cited authorities the evidence was sufficient to be submitted to a jury, and the trial court erred in directing a verdict against the plaintiff.

In the light of our holding, other assignments of error need not be discussed.

The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.