DARYL LONG, APPELLANT, v. F. L. WHALEN, REAL NAME UNKNOWN, APPELLEE.

71 N. W. 2d 496

Filed July 15, 1955. No. 33667.

*Ginsburg & Ginsburg,* for appellant.

*Kirkpatrick & Dougherty,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

BOSLAUGH, J.

Appellant sought to recover damages from appellee on the basis that injuries to his person by the collision of an automobile operated by appellant and a motor vehicle driven by appellee were caused by his negligence. Appellant included in his cause of action a claim for property loss because of damage to the automobile he was operating and an amount for medical, hospital, and nursing services assigned to him by his father. The result of the trial in district court was a verdict for appellee. The motion of appellant for another trial was denied and he prosecutes this appeal.

The circumstances of the accident as alleged by ap-

pellant are these: He was driving a Chevrolet coach May 29, 1951, at about 5 p. m. toward the west on a county road south of and in the vicinity of Glenvil. Appellee was about the same time operating his Ford coupé toward the north on a county road which intersected the road on which appellant was traveling. The roads were each graded and graveled. Appellant entered the intersection of the roads and while therein appellee wrongfully and negligently drove his motor vehicle onto and against the left side of the automobile of appellant with great force and violence. The car appellant was driving was practically destroyed. Multiple and serious injuries were inflicted upon appellant. He was compelled to incur large obligations for hospital, medical, and nursing services. He has suffered and will as a result thereof suffer additional disability. Appellant made numerous specifications of negligence against appellee as the proximate cause of the accident and of the injuries to appellant.

Appellee conceded he was operating his motor vehicle at about the time and place described by appellant but he denied all other charges made against him as to negligence or otherwise. He asserted that any injuries or damages sustained by appellant were proximately caused by his reckless and negligent acts which were separately specified. The negligence of appellant was charged to have been more than slight. Appellee says that he had the right-of-way to cross the intersection; that he was there first; that appellant approached at great speed; that appellee waived his right to prior passage through the intersection and brought his car to a dead stop south of the traveled portion of the east-west road; and that appellant drove his car on the south or wrong side of the road onto and against the side of the car of appellee.

The issues were which of the parties had the right-of-way at the intersection and which party was guilty of negligence that proximately caused the accident. Ap-

pellant complains of what he says was prejudicial error in instructions given the jury by the trial court. Appellee asserts that the proximate cause of the accident was the contributory negligence of appellant that was more than slight and hence he was not entitled to recover any amount, and that he was not prejudiced by any error that occurred at the trial. If the premise of appellee is sustained by the record his conclusion is indisputable. If the negligence of plaintiff in comparison with the negligence of defendant is more than slight and is a proximate cause of the accident of which plaintiff complains he may not succeed in the cause. Dickenson v. County of Cheyenne, 146 Neb. 36, 18 N. W. 2d 559; Miller v. Aitkens, *ante* p. 97, 69 N. W. 2d 290.

There was proof tending to establish these matters: The day of the accident was pleasant and clear. It occurred about 5 p. m. when the sun was in the southwest and it was daylight. There had been a rain the night before and while the roads were damp under the surface they were in good condition and were not muddy or slippery. The intersection was in a practically level area, was unobstructed, and could be seen by a traveler approaching it for a distance of about 500 feet to the south and for a distance of about 460 feet to the east. After the appellant came up from the lower ground or valley east of the intersection and was within seeing distance of it he was seen looking to the south and then to the north. His companion in the car at that time noticed an automobile to the south. She estimated it was as far or somewhat farther from the intersection as was the car in which she was riding. She watched the car to the south as it moved toward the intersection. The car driven by appellant was going the faster. The companion of appellant did not have any thought of or anxiety about the imminence of an accident as she watched the car from the south until the one in which she was riding came to and entered the intersection.

The car from the south was owned and operated by appellee and it was then close to the intersection. It hit the car operated by appellant on its left side back of the front side of the door. It was not struck on its front, that part of the car was uninjured. The accident or collision was about in the middle of the intersection. Neither of the cars involved slowed nor stopped before they collided. A witness testified that appellee soon after the accident and near the place thereof said he did not see any car coming. The rate of speed the car appellant operated was estimated at 45 to 55 miles an hour and the speed of the car of appellee was estimated at 20 to 30 miles an hour. The car of appellee was not in the intersection before the other car entered it. The car going west before and at the time of the accident was traveling straight ahead and it did not make any movement indicating it was changing its course. The point of the collision was expressed by the sheriff as right at the main traveled part of the north-south road. He said as near as he could tell the marks he saw at the point of the impact of the cars were where the usual traveled course is of that east-west road. He also explained "that was a graveled road, a country road, and like the other road, pretty near everybody else meeting a car was in the center of the road, both roads are that way." Appellee could have seen the car operated by appellant at any time when it was within a distance of about 460 feet of the intersection.

If there is any evidence which will sustain a finding for the party having the burden of proof in a cause the trial court may not disregard it and direct a verdict against him. Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576. In deciding the contention of appellee that appellant was as a matter of law barred from recovery herein because of his contributory negligence every material fact which the evidence of appellant tends to prove should be considered for the purpose of the motion as established. Hoerger v. City State Bank, 151

Neb. 321, 37 N. W. 2d 393; Canaday v. Krueger, 156 Neb. 287, 56 N. W. 2d 123. The record prevents the conclusion, as appellee contends, that the evidence conclusively shows that appellant was as a matter of law guilty of contributory negligence more than slight which was a proximate cause of the accident.

Appellee charged in his answer that any injuries or damages sustained by appellant were caused by his negligence which was more than slight and the sole proximate cause of the accident. A specification of negligence made against him therein was that he "failed to sound any warning or otherwise give notice of his approach and of his intent to usurp the right of way in said intersection, knowing that the defendant (appellee) was" therein. The trial court expressed this in an instruction to the jury by saying that defendant by his answer alleged that the negligent acts of plaintiff (appellant) were the sole and proximate cause of the accident, injuries, and damage sustained by him, and that one of the negligent acts alleged against him was "failing to sound any warning or give notice of his approach." Another part of the charge to the jury advised it "that the burden of proof is upon the defendant to prove every material affirmative allegation in his answer * * * by a preponderance of the evidence" subject to two exceptions, neither of which is important to the discussion or conclusion of this phase of the case. The fact that appellant did not sound the horn on his car or give any other warning of his approach to the intersection was stressed by the examination of each person who testified during the trial that was in a position to have any information on the subject and there were several persons who were so situated. They each answered that there was no warning given or that no signal was heard or seen. The absence of a warning by appellant was emphasized by appellee at the trial as negligence on his part as it is in this court by the statement in the brief that Mrs. Long, the wife of

appellant, "supported this allegation that 'no horn was sounded' Plaintiff (appellant) apparently conceded it." The conclusion is then asserted that this was one of the acts of negligence of the appellant.

The opportunity of each of the parties to see the other approaching the intersection was unobstructed and free from interference for the considerable distances hereinbefore stated. Appellee as he drove north toward it looked east and he said he could see plainly to where the road went over the knoll, and that there was no obstruction whatsoever. The distance which he could see was more than 460 feet. He heard the noise of a car. He saw it plainly when it came upon the higher ground as it traveled toward the intersection. Appellee had all and more information concerning the approach of the car appellant was operating than the sounding of a horn or the giving of any signal could have afforded him. Any signal or warning given by appellant in the circumstances of the record would have been futile and useless. His failure in this respect was not negligence or evidence of negligence. It had no relation to the cause of the accident. It was a wholly unimportant fact. The duty to sound a horn or give a warning during the operation of a motor vehicle is not an absolute one. The duty in this regard depends upon circumstances. In this instance the record establishes beyond the area of argument that there was no such duty on appellant. The charge that the horn was not sounded or a warning given by appellant of his approach to the intersection should have been by the court entirely eliminated from consideration by the jury. Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751. These comments therein are relevant in the present case: "With reference to whether or not the driver of the plaintiff's truck was guilty of negligence in failing to sound his horn or warn the defendant of •his presence in approaching the intersection, the following is applicable: The duty to sound a signal warning of the approach of a motor vehicle depends largely

upon the circumstances of the particular case. * * *. We believe that under the evidence the driver of the plaintiff's truck could not be found guilty of negligence in failing to sound his horn. Failure to do so had no relation to the cause of the accident, and therefore was no part of the proximate cause thereof."

The jury was permitted to and may have concluded that appellant was more than slightly contributorily negligent and that his negligence in this regard was the proximate cause of the accident because of the instruction concerning the absence of a warning by appellant of his approach to the intersection. The court told the jury that appellee was required to prove all of the affirmative allegations of his answer before he could have a verdict. The allegation that appellant did not sound his horn or give a warning was one of the statements of the answer. It must be assumed that the jury observed the mandate of the instruction. In any event it cannot be ascertained from the record that the jury was not improperly influenced by the instruction or that appellant was not thereby prejudiced. It must therefore be determined that the giving of the instruction referred to above was prejudicial error. Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141; Hoffman v. State, *ante* p. 375, 70 N. W. 2d 314.

Appellant requested the trial court to fully advise the jury of the law of the road concerning the right-of-way of vehicles at an intersection of highways and especially the meaning of the language of the statute "When two vehicles approach or enter an intersection at approximately the same time * * *." § 39-751, R. R. S. 1943. A proposed instruction was tendered by appellant that was sufficient to advise the court as to the scope and substance of the desire and request of appellant. The court refused the instruction tendered and failed to include matters contained therein in the charge to the jury. This was an important subject in this case because each party claimed he approached the intersec-

tion where the accident happened first and the evidence was sharply conflicting. The appellant complied with the procedure required to permit him to challenge the correctness of the action of the court in this regard. In re Estate of Hunter, 151 Neb. 704, 39 N. W. 2d 418; Hawk-eye Casualty Co. v. Stoker, 154 Neb. 466, 48 N. W. 2d 623.

The jury should have been advised on this phase of the case substantially as follows: That a statute of the state provides that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right, if it is traveling at a lawful rate of speed.

The statute is intended to avoid collisions between vehicles at intersections and the right-of-way is not to be determined by the single test of which vehicle actually entered the intersection first, if the vehicles approached or entered the intersection at approximately the same time. The driver of a vehicle who does not have the right-of-way as explained herein is not justified in taking close chances and if there is reasonable danger of collision if both vehicles proceed then it is his duty to yield the right-of-way.

A vehicle which has entered an intersection and is crossing it at a lawful speed has the right-of-way over a vehicle approaching the intersection from a different direction into its path.

The driver of a vehicle upon reaching an intersection has the right-of-way over a vehicle approaching on his left, and may ordinarily proceed to cross, and has a legal right to assume that his right-of-way will be respected by the other driver; but if the situation is such as to indicate to the mind of an ordinarily prudent person in his position that to proceed would probably result in a collision, then he must exercise ordinary care and caution to prevent an accident even to the extent of waiving and giving up his right-of-way to cross the intersection first.

A driver of a vehicle on the left is approaching an intersection at approximately the same time as a party to his right when there is such relative proximity of the vehicles to the intersection that, upon appraisal of all the factors in the situation it would appear to a man of ordinary prudence in his place that there is danger of a collision if he fails to yield or forego the right-of-way to cross the intersection. The statute giving right-of-way to a vehicle coming to or entering an intersection from the right over another coming to it at approximately the same time imposes upon the driver from the left the duty of deciding as a man of ordinary prudence whether, under the circumstances, which includes a consideration of the relative distances of the approaching vehicles, their apparent speeds, and the probable conduct of the other driver, his arrival at the intersection will sufficiently precede that of the vehicle crossing his line of travel to warrant the reasonable belief that he can safely cross the intersecting road or highway ahead of it. Thrapp v. Meyers, 114 Neb. 689, 209 N. W. 238, 47 A. L. R. 585; Klement v. Lindell, 139 Neb. 540, 298 N. W. 137; Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569; Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491; Annotation, 175 A. L. R. 1013; 5 Am. Jur., Automobiles, § 297, p. 666; 60 C. J. S., Motor Vehicles, § 362, p. 865; 2 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 993, p. 217; 1 Berry, The Law of Automobiles (7th Ed.), § 3.16.

The judgment should be and it is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.