ROBERT JOHNSON, DOING BUSINESS AS NANCE COUNTY IMPLEMENT CO., APPELLANT, V. DOYLE FRANCIS, APPELLEE.
138 N. W. 2d 27

Filed November 19, 1965. No. 36026.

Philip T. Morgan, for appellant.

Cyril P. Shaughnessy, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

CARTER, J.

This is an action to recover $346.52, the amount remaining due for material and labor furnished the defendant. At the close of plaintiff's evidence the trial court dismissed the action and plaintiff has appealed.

The evidence shows that plaintiff was engaged in the business of selling and applying fertilizer in Fullerton, Nebraska. The defendant was a tenant on a farm owned by one Ralph Peters. In the spring or summer of 1962 the defendant called on plaintiff and ordered fertilizer applied to a certain number of acres of land he was farming. It is not disputed that fertilizer was furnished and applied, and that the reasonable cost thereof was $693.14, of which the defendant paid $346.57. The prayer of the petition was for $346.52, together with interest, attorney's fees, and costs.

The evidence shows that the materials and labor were purchased by defendant. Plaintiff testified that he assumed defendant would pay as any one else would, but that defendant assured him it would be paid. Plaintiff stated that defendant said Peters would pay half, whether to him or to defendant he did not know. Plaintiff sold and applied the fertilizer on the basis of defendant's statement that it would be paid for.

The evidence further shows that defendant requested plaintiff to bring action against Peters for one-half of the cost on the assurance that defendant would pay the balance of the bill if he would be unsuccessful in the action. It appears that plaintiff brought an unsuccessful action against Peters.

The evidence shows that defendant ordered the application of the fertilizer on defendant's leased cropland. The evidence also shows that defendant agreed to pay for it, an agreement that would be implied in the absence of a specific contract. The plaintiff made a prima facie case. The agreement between Peters and defendant is not material under the facts shown by the record.

On a motion to dismiss at the close of plaintiff's evidence, every fact which the evidence tends to support will be considered as proved. Canaday v. Krueger, 156 Neb. 287, 56 N. W. 2d 123; Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496.

The agreement of a landlord contained in a written lease to pay one-half of the purchase price of the fertilizer gives a third party no cause of action against the landlord for half of the fertilizer sold to a tenant. This subject was dealt with in Schultz v. Williams, 207 Wis. 122, 240 N. W. 844, as follows: "The liability of the defendant created by his agreement to furnish one-half of the feed and seed was one personal to the parties thereto. While the agreement would permit Fred Schultz to recover from the defendant any balance due him resulting from his purchase of feed or seed under the agreement, it cannot, by virtue of its terms alone, be held to give to the plaintiff a cause of action against the defendant. * * * In order to establish liability of an owner for goods purchased by a cropper, authority to purchase goods on the credit or account of the owner would have to be shown at least by circumstances which would give rise to an original promise by the owner to pay."

The evidence makes a prima facie case that defendant purchased and agreed to pay for the fertilizer and its application to defendant's leased lands. The defendant as the purchaser is the original promisor or debtor, and he may not avoid liability by asserting some agreement with another, of which the seller had no knowledge and

which would have been of no benefit to him even if he had known about it.

There is evidence in the record that Peters and defendant each paid plaintiff one-half of the cost of the fertilizer for the previous year. It is asserted that this is a course of conduct that would impose liability on the landlord to the plaintiff by agency or estoppel. We do not think that a single previous transaction of this nature, standing alone, is sufficient to establish a course of conduct that would sustain liability either by estoppel or agency by apparent authority.

The trial court erred in sustaining defendant's motion to dismiss at the close of plaintiff's evidence. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.